

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**



FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2011 MAR 10  PM 2: 05

CLERK OF COURT

| | |
|---|---|
| SULEMA GARZA,<br><br>    Plaintiff,<br><br>vs.<br><br>NEW BREED LOGISTICS, INC. and<br>AIDA GARCIA<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**4 - 1 1 C V - 1 6 1 - Y**

CIVIL ACTION NO. _____

## DEFENDANT NEW BREED LOGISTICS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441(a) – (c), and 1446, Defendant New Breed Logistics, Inc. ("New Breed") removes to this Court the action brought by Plaintiff Sulema Garza ("Plaintiff"). In support, New Breed state as follows:

### BACKGROUND

1.    On or about April 16, 2010, Plaintiff filed her Original Petition (the "Petition") against Defendants New Breed and Aida Garcia ("Garcia") in the 342nd Judicial District Court of Tarrant County, Texas, Cause No. 342-244950-10.

2.    New Breed's registered agent was first served with citation on April 22, 2010. New Breed's counsel has been told verbally that Aida Garcia was served on or about March 9 or 10, 2011.[1]

3.    New Breed has timely answered in the State Court action. Pursuant to Local Rule 81.1, an index of the documents filed in the State Court action, the State Court Docket Sheet, and

---

[1] New Breed received a copy of a letter from Plaintiff's counsel on February 22, 2011 asking the court for the first time to issue a citation for Aida Garcia. The District Court's file indicates a citation was issued to Garcia for the first time on February 25, 2011. While New Breed was preparing to file this Notice of Removal, Plaintiff's counsel informed New Breed's counsel verbally this morning that they had succeeded in serving Aida Garcia.

copies of all documents filed in the State Court action, other than discovery, are attached hereto as *Exhibit A*.  New Breed's Certificate of Interested Persons will be filed separately.  A copy of this Notice of Removal is also being filed with the Clerk of the State Court in which the action was filed.

      4.     In her Petition, Plaintiff claims she was discriminated against, harassed, and retaliated against by New Breed in violation of the Texas Labor Code.  In the Petition, Plaintiff also claims that Defendant Garcia assaulted her.  In her February 25, 2011 deposition, which transcript was received by New Breed on March 4, 2011, Plaintiff stated that Garcia assaulted her on three (3) occasions by pinching her on the arm, all in March 2008, more than two (2) years before suit was filed.  Excerpts of Plaintiff's deposition are attached as *Exhibit B*.

## ARGUMENTS & AUTHORITIES

**A.**    **New Breed's Removal Is Timely Filed.**

      5.     Section 1446(b) of Title 28 provides that in a case not initially removable, a notice of removal may be filed within 30 days after receipt by a defendant, through service or otherwise, of a copy of an "other paper" from which it may first be ascertained that the case is removable.  28 U.S.C. § 1446(b).  Generally, a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action.  *Id.*[2]

      6.     New Breed first ascertained that this case may be removable during Plaintiff's deposition on February 25, 2011.[3]  Plaintiff's representations made during her deposition constituted an "other paper" within the meaning of Section 1446(b).  *See, e.g., Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000) (stating that a deposition answer

---

[2]  Under Texas law, an action is commenced when the initial petition is filed.  TEX. R. CIV. P. 22.

[3]  As set forth in more detail below, Plaintiff's deposition testimony revealed that her assault claim against Defendant Aida Garcia is time-barred.

constitutes an "other paper" and that a letter between counsel, even if not filed, constitutes an "other paper") (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)). Thus, New Breed's removal was filed within 30 days of its receipt of an "other paper" first indicating that this case was removable and within one year of Plaintiff's filing of her lawsuit.

**B.    Diversity Jurisdiction Exists Between Proper Joined Parties.**

7.    This court has original jurisdiction in this cause pursuant to 28 U.S.C. §1332, based upon diversity of citizenship between Plaintiff and her prior employer, New Breed. Removal is appropriate pursuant to 28 U.S.C. § 1441 in that it is a civil action between diverse parties.  The court may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1637.  Compete diversity between the two proper parties exists because (1) Defendant New Breed is not a citizen of Texas; and (2) Defendant Aida Garcia has been improperly joined to this action and, as such, must be disregarded for purposes of establishing diversity under 28 U.S.C. § 1441(b).

### Citizenship of Plaintiff

8.    At the time Plaintiff filed suit against New Breed and during her employment with New Breed, she was a citizen of the State of Texas.   However, based on Plaintiff's deposition testimony, she is now a citizen of Pennsylvania.[4]

### Citizenship of New Breed

9.    Defendant New Breed is a corporation incorporated under the laws of North Carolina and with its principal place of business in High Point, North Carolina.  *See* Affidavit of Richard Valitutto, attached as *Exhibit C*.  As such, New Breed. is not, nor has it ever been, a resident or citizen of the State of Texas.  *See* 28 U.S.C. § 1332(c)(1).

---

[4] Whether Plaintiff is a citizen of Texas or Pennsylvania is irrelevant for purposes of the Court's analysis because New Breed is a citizen of North Carolina.

**Improper or Fraudulent Joinder of Aida Garcia**

10.     New Breed believes Defendant Aida Garcia ("Garcia") is a citizen of the State of Texas. However, Garcia's citizenship must be ignored because Plaintiff has improperly joined Garcia to this action.

11.     According to 28 U.S.C. 1441(b), an action between diverse parties is removable only if "none of the parties in interest ***properly joined*** and served as a defendant is a citizen of the State in which such action is brought." (emphasis added).   If a defendant has been fraudulently or improperly joined, the citizenship of that party is disregarded for purposes of determining diversity. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 316 (5th Cir. 2002) (holding it was not error to disregard the citizenship of an defendant when he had been fraudulently joined); *see also Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995); *Marabella v. Autonation U.S.A. Corp.*, 88 F. Supp. 2d 750, 752 (S.D. Tex. 2000).

12.     Improper or fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

13.     The Fifth Circuit has characterized the second method of proving improper joinder as follows: "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).   The Court may conduct its inquiry in two ways.   It may undertake a Rule 12(b)(6) inquiry, looking at whether the pleadings state a claim under state law against the in-state defendant. *Id.*   Or the

Court may go beyond a 12(b)(6) type of inquiry and, in its discretion, pierce the pleadings and **consider summary judgment-type evidence in the record**. *Id.*; *Irby*, 326 F.3d at 650.

14.     In this matter, there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against the in-state Defendant Aida Garcia because Plaintiff's claim against Garcia is time-barred.  Specifically, Plaintiff alleges common law assault against Defendant Garcia.  This cause of action is governed by a two-year statute of limitation.  *See Brothers v. Gilbert*, 950 S.W.2d 213, 216 (Tex. App.—Eastland 1997, pet. denied) (finding a two-year statute of limitations applies to assault claims).

15.     In her Petition, Plaintiff did not allege a time-frame for the alleged assault by Defendant Garcia.  However, Plaintiff was deposed on February 25, 2011, specifically, regarding the factual allegations presented in this lawsuit.  In the deposition, Plaintiff testified that the physical conduct forming the basis of her alleged assault claim happened in **March 2008**. *See Exhibit B*.  Plaintiff did not file her Original Petition until April 16, 2010.  As such, there is no possibility that Plaintiff could establish an assault claim against Defendant Garcia in a Texas state court because that claim is barred as a matter of law.

16.     Furthermore, Plaintiff's assault claim against Aida Garcia is also barred because Plaintiff as a matter of law did not exercise due diligence in effecting service on Garcia.  Outside the statute of limitations, service is only valid if the plaintiff **exercised diligence** in procuring service of process on the defendant.  *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (emphasis added).  A plaintiff has the burden to prove that she used due diligence in procuring the subsequent issuance and service of citation upon a defendant. *See Butler v. Ross*, 836 S.W.2d 833, 835 (Tex.App.-Houston [1st Dist.] 1992, no writ).  An unexplained delay in effecting service constitutes a lack of due diligence. *Id.*

17.     Here, Plaintiff's counsel did not even request that a citation be issued for Garcia until February 22, 2011, more than 10 months after the lawsuit was filed and more than two (2) and a half years after the alleged assault, which is demonstrates a lack of due diligence as a matter of law. *See Liles v. Phillips,* 677 S.W.2d 802 (Tex.Civ.App.-Fort Worth 1984, writ ref'd n.r.e.) (10 months between expiration of statute of limitations and service); *Allen v. Bentley Laboratories, Inc.,* 538 S.W.2d 857 (Tex.Civ.App.-San Antonio 1976, writ ref'd n.r.e.) (6 months between filing and service); *Williams v. Houston-Citizens Bank & Trust Co.,* 531 S.W.2d 434 (Tex.Civ.App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.) (7⅔ months between expiration of first citation and issuance of second citation).

18.     Because Plaintiff has no viable claim against Aida Garcia, she has been fraudulently joined and her citizenship cannot be used to defeat diversity jurisdiction.  Only the citizenship of Plaintiff and Defendant New Breed should be considered, and as between those parties, diversity jurisdiction exists.

### Garcia's Consent Not Required

19.     Garcia's consent to removal is not required.  Consent is not required from fraudulently joined defendants. *Jernigan v. Ashland Oil, Inc.*, 989 F. 2d 812, 816 (5th Cir.), *cert. denied,* 510 U.S. 868 (1993) ("As a general rule, removal requires consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

### Amount In Controversy

16.     Plaintiff's petition does not allege a specific dollar amount of damages being sought, so the district court must first examine the petition to determine if it is facially apparent that Plaintiff is seeking an amount in excess of $75,000.  *St. Paul Reinsurance Co, Ltd. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If this analysis is not determinative, the court

may then consider summary-judgment type evidence to ascertain the amount in controversy. *Id.*

17. Plaintiff's claims for damages in Paragraph 17 of her Petition make it clear that

she is seeking well over the $75,000 minimum amount in controversy required by 28 U.S.C. §

1332. According to her Petition, Plaintiff seeks the following category of damages "without

limitation":

- back pay;
- front pay (in lieu of reinstatement);
- compensatory damages;
- consequential damages;
- punitive damages;
- exemplary damages;
- pre- judgment interest;
- post-judgment interest; and
- attorneys' fees and costs.

As the following cases demonstrate, these allegations make it apparent from the Petition

that Plaintiff is seeking more than $75,000.

18. In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), the plaintiff

sought medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life,

loss of wages and earning capacity and disability and disfigurement, a category of damages

notably more narrow than those sought in the current case. The Fifth Circuit nonetheless held

that it was facially apparent that the plaintiff was seeking in excess of $75,000. Moreover, the

Fifth Circuit has held that a claim for punitive damages *alone* can be enough to find that the

amount in controversy is satisfied from the face of the petition. *See Allen v. R&H Oil & Gas

Co.*, 63 F.3d 1326 (5th Cir. 1995) (holding claim for punitive damages is enough to facially show

the plaintiff was seeking more than the then-required $50,000). Applying a similar analysis to

the broad categories of damages sought in the present case compels the conclusion that Plaintiff

is seeking more than $75,000.

19.     Additionally, Plaintiff's request for attorneys' fees in addition to her economic damages should be included when determining the amount in controversy.  The Fifth Circuit and federal district courts within it have specifically held that when a statutory cause of action entitles a party to receive attorney's fees, the amount in controversy includes those fees.[5]  *E.g., H&D Tire & Automotive-Hardware, Inc. v. Pitney-Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001); *Parker v. Southern Farm Bureau Cas. Ins. Co.*, No. 3:01-CV-1342-M, 2001 U.S. Dist. LEXIS 17288, *3 (N.D. Tex. 2001).

20.     Furthermore, in the instant case, Plaintiff stated in her responses to New Breed's Request for Disclosures that she is seeking over $100,000 in past lost wages and benefits *alone*. *See Exhibit D,* Plaintiff's Amended Responses to New Breed's Request for Disclosures, which were Exhibit 22 to Plaintiff's deposition.  Plaintiff is seeking well above $75,000 in damages and removal of this lawsuit is proper based upon the diversity between Plaintiff and New Breed.

WHEREFORE, New Breed gives notice that the action *Sulema Garza v. New Breed Logistics, Inc. and Aida* Garcia, No. 342-244950-10, pending in the 342nd Judicial District Court of Tarrant County, Texas is removed to this Court.

---

[5] A plaintiff who prevails on a claim pursuant to Chapter 21 of the Texas Labor Code is potentially entitled to attorney's fees as a prevailing party.  TEX. LAB. CODE § 21.259.

**DEFENDANT NEW BREED LOGISTICS, INC.'S NOTICE OF REMOVAL – Page 8**

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**

Michael R. Buchanan
State Bar No. 03288300
Kristin M. Snyder
State Bar No. 24046880
8117 Preston Road, Suite 700
Dallas, TX 75225
(214) 987-3800
(214) 987-3927 (Fax)
Mike.buchanan@ogletreedeakins.com
Kristin.snyder@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT
NEW BREED LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via certified mail, return receipt requested, on March 10, 2011, as follows:

David L. Wiley
Amy Gibson
Gibson Wiley PLLC
1700 Commerce Street, Suite 1570
Dallas, TX 75201-5302

Enrique Chavez, Jr.
Chavez Law Firm
2101 Stanton Street
El Paso, TX 79902

Michael R. Buchanan

8659707.1

**DEFENDANT NEW BREED LOGISTICS, INC.'S NOTICE OF REMOVAL – Page 9**



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **SULEMA GARZA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO.** |
| **NEW BREED LOGISTICS, INC. and** | § | |
| **AIDA GARCIA** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| Tab No. | Document | Date Filed/Served |
|---|---|---|
| 1 | Plaintiff's Original Petition | Filed: 04/16/2010 |
| 2 | Citation – New Breed Logistics, Inc. | Served: 04/22/2010 |
| 3 | Defendant New Breed Logistics, Inc.'s Original Answer and Defenses | Filed: 05/17/2010 |
| 4 | Agreed Scheduling Order and Stipulations | Filed: 09/13/2010 |
| 5 | Defendant New Breed Logistics, Inc.'s Motion to Quash Notices of Deposition of Richard Staton, Deborah Maxwell, and Melissa Buntaine | Filed: 03/10/2011 |
| 6 | Court's Docket | 03/10/2011 |

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

Michael R. Buchanan
State Bar No. 03288300
Kristin M. Snyder
State Bar No. 24046880
8117 Preston Road, Suite 700
Dallas, TX 75225
(214) 987-3800; (214) 987-3927 (Fax)
Mike.buchanan@ogletreedeakins.com
Kristin.snyder@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT
NEW BREED LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via certified mail, return receipt requested, on March 10, 2011, as follows:

David L. Wiley                          Enrique Chavez, Jr.
Amy Gibson                              Chavez Law Firm
Gibson Wiley PLLC                       2101 Stanton Street
1700 Commerce Street, Suite 1570        El Paso, TX 79902
Dallas, TX 75201-5302

_____
Michael R. Buchanan

8661459.1





CAUSE NO. 342 244950 10 _____

| | |
|---|---|
| SULEMA GARZA, | |
| **Plaintiff,** | |
| v. | **IN THE DISTRICT COURT OF** |
| NEW BREED LOGISTICS, INC. and AIDA GARCIA, | **TARRANT COUNTY, TEXAS** |
| **Defendants.** | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Sulema Garza ("Sulema"), through undersigned counsel, files her Original Petition complaining of Defendants New Breed Logistics, Inc. and Aida Garcia and states:

## DISCOVERY PLAN

1.    Sulema intends discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.  If the Court does not designate this case for a Level 3 discovery plan on its own initiative, Sulema moves for a Level 3 discovery plan as outlined in Texas Rule of Civil Procedure 190.4(a).

## INTRODUCTION

2.      New Breed Logistics, Inc. unlawfully discriminated against Sulema, a former employee, in the terms and conditions of her employment because of her sex and retaliated against her when she complained of sex-based harassment. Aida Garcia, a co-worker, assaulted Sulema and New Breed Logistics, Inc. ratified the assault.

## PARTIES

3.      Sulema is an individual residing in Tarrant County, Texas.  The last four digits of her Social Security Number are 3467.  The last three digits of her Driver's License Number are 862.

4.      New Breed Logistics, Inc. is a corporation.   It maintains a regular place of business in Texas.  It can be served a citation to its designated agent for service of process in the State of Texas:  CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

5.      Aida Garcia is an individual. Upon information and belief, she is a permanent resident of the United States and domiciled in the State of Texas.

## SUBJECT MATTER JURISDICTION

6.      Pursuant to Article V § 8 of the Texas Constitution Article, this Court has original subject matter jurisdiction over the claims asserted herein because no other court has exclusive original jurisdiction over the claims asserted herein and because Sulema seeks damages within the jurisdictional limits of this Court.

## PERSONAL JURISDICTION

7.      This Court has personal jurisdiction over the parties to this action because the claims asserted herein arose directly from Defendants' acts and omissions in Texas.

## VENUE

8.      Venue is proper under Texas Civil Practice and Remedies Code § 15.002(1) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Tarrant County, Texas.  New Breed Logistics, Inc. maintains a regular place of business in Tarrant County, Texas.  It employed Sulema in Tarrant County, Texas.  It permitted Sulema to be sexually harassed in Tarrant County, Texas.  It terminated her employment in Tarrant County, Texas after Sulema complained about the harassment.  Aida Garcia harassed and

assaulted Sulema in Tarrant County, Texas.

9.      Venue is proper as to each Defendant under Section 15.005 of the Texas Civil Practice and Remedies Code because it is proper as to the other for the reasons stated above and because the claims asserted herein arise out of the same transaction, occurrence or series of transactions or occurrences within the meaning of that section.

## PROCEDURAL BACKGROUND

10.      Sulema  exhausted  all  administrative  remedies  required  as  a prerequisite  to  filing  this  civil  action.   Specifically,  she  filed  a  Charge  of Discrimination with the Texas Workforce Commission ("TWC") within 180 days of the unlawful discrimination and retaliation she suffered.  The TWC issued Sulema a written notice of her right to sue.  Sulema is filing this civil action within 60 days of receiving notice from the TWC of her right to sue.

## FACTUAL BACKGROUND

11.      New Breed Logistics, Inc. employed Sulema as a Battery Charger. Co-worker Aida Garcia drew and circulated drawings of Sulema with a penis and with a vagina and pinched Sulema causing Sulema to bruise.  Aida Garcia — along with co-workers Veronica (last name unknown) and Teresa (last name unknown) would pretend to strip and grab each other's breasts, groins, and

buttocks in front of Sulema and would tease her.  Sulema reported the harassment to her supervisor, Rick Stanton, but the harassment did not stop.  The three continued to harass Sulema.  Aida Garcia would cause to be placed on Sulema's backside paper "stickies" with the words "Sexy" and "Baby" written on them.

12.   In response to her complaints, Mr. Stanton told Sulema "they are not listening" or words to that effect and instructed Sulema to take the matter to the company's human resources personnel.  Sulema did as instructed.  In response, New Breed Logistics, Inc. suspended her without pay and subsequently, terminated her employment.

## FIRST CLAIM FOR RELIEF

### TCHRA – SEXUAL HARASSMENT / HOSTILE WORK ENVIRONMENT CLAIM

13.   New Breed Logistics, Inc. intentionally discriminated against Sulema, in the terms and conditions of her employment, on the basis of her sex, in violation of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE §§ 21.001 to 21.556 (as amended).  New Breed Logistics, Inc. did so by subjecting Sulema to a hostile work environment.  New Breed Logistics, Inc. did so with malice or reckless indifference to Sulema's state-protected rights, within the meaning of Section 21.2585 of the Texas Labor Code.

## SECOND CLAIM FOR RELIEF

## TCHRA – RETALIATION CLAIM

14.     New Breed Logistics, Inc. intentionally discriminated against Sulema because she opposed a discriminatory practice within the meaning of the TCHRA.[1] New Breed Logistics, Inc. did so by (1) continuing to subject to her to a hostile work environment, (2) suspending her employment without pay, and (3) terminating her employment.  New Breed Logistics, Inc. did so with malice or reckless indifference to Sulema's state-protected rights, within the meaning of Section 21.2585 of the Texas Labor Code.

## THIRD CLAIM FOR RELIEF

## ASSAULT

15.     Aida Garcia [along with potential parties Veronica (last name unknown) and Teresa (last name unknown)] assaulted Sulema, in violation of Section 22.01(a)(3) of the Texas Penal Code.  New Breed Logistics, Inc. is liable for the assaults committed because it ratified this conduct.

## NO FEDERAL CLAIMS

16.     Sulema asserts no claims in this, her Original Petition, for violation of any federal law.

PLAINTIFF'S ORIGINAL PETITION — Page 6 of 8

## RELIEF REQUESTED

17.     Sulema prays for all relief, in law and equity, to which she may be entitled, including (without limitation), back pay, front pay (in lieu of reinstatement), compensatory and consequential damages, punitive and exemplary damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

---

[1] *See* TEXAS LABOR CODE § 21.055.

Respectfully submitted,

David L. Wiley
Texas State Bar No. 24029901

**Gibson Wiley PLLC**
1700 Commerce Street, Suite 1570
Dallas, Texas 75201-5302
Telephone:  (214) 522-2121
Facsimile:  (214) 522-2126
E-Mail Address:

david@gwfirm.com

Enrique Chavez, Jr.
Texas State Bar No. 24001873

**Chavez Law Firm**
2101 Stanton Street
El Paso, Texas 79902
Telephone:  (915) 351-7772
Facsimile:  (915) 351-7773

ATTORNEYS FOR
SULEMA GARZA



**Gibson Wiley PLLC**
ATTORNEYS & COUNSELORS AT LAW

April 15, 2010

**VIA U.S. FIRST CLASS MAIL**    342  244950  10

Mr. Thomas A. Wilder
Tarrant County District Clerk
Justice Center
401 W. Belknap St.
Fort Worth, Texas 76196

> *Re:*    *Filing Original Petition*
> *Sulema Garza v. New Breed Logistics, Inc. and Aida Garcia*

Dear Mr. Wilder:

Enclosed are the following:

1.    the original and **two** copies of Plaintiff's Original Petition; and

2.    our firm's check, number 3912, in the amount of $257.00, representing the published fees for filing [$249.00] and issuance of citation for one defendant [$8.00].    *copy not included*

Please file the original of Plaintiff's Original Petition and return **one** extra, filed-stamped copy of Plaintiff's Original Petition with filing fees receipt to me via the enclosed, postage prepaid envelope.

The remaining **one** extra copy of Plaintiff's Original Petition is a service copy for the Defendant. Please issue citation for Defendant New Breed Logistics, Inc. with a service copy of Plaintiff's Original Petition attached. For your convenience, I have repeated the citation information below:

*✱ Only paid for 1 citation. Issue to:*

**New Breed Logistics, Inc.**
**Via Its Registered Agent**
**For Service of Process**
**CT Corporation System**
**350 North St. Paul Street**
**Dallas, Texas 75201**

04/19/10    (Date)
sent a copy of letter
To Doc prod ___ (initials).

Once the citation has been issued and attached to the service copy of Plaintiff's Original Petition, please return to me in the enclosed, postage prepaid envelope.

1700 Commerce Street, Suite 1570, Dallas, Texas 75201-5302 | *Telephone* 214.522.2121 | *Facsimile* 214.522-2126 | *www.gwfirm.com*

Mr. Thomas A. Wilder
April 15, 2010
Page 2 of 2

     If you have any questions, please do not hesitate to contact me.  Thank you for your attention to and cooperation in this matter.

Sincerely,

David L. Wiley

2

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION                    Cause No. 342-244950-10

SULEMA GARZA

VS.

NEW BREED LOGISTICS, INC., ET AL

TO: NEW BREED LOGISTICS INC

B/S REG AGENT CT CORPORATAION SYSTEM 350 N ST. PAUL ST DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 342nd District Court
,200 E WEATHERFORD, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County,
Texas said PLAINTIFF being

SULEMA GARZA

Filed in said Court on April 16th, 2010 Against
NEW BREED LOGISTICS INC

For suit, said suit being numbered 342-244950-10 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

DAVID L WILEY
Attorney for SULEMA GARZA Phone No. (214)522-2121
Address     1700 COMMERCE ST STE 1570 DALLAS, TX 75201-5302

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 19th day of April, 2010.

By _____ Deputy
JUANITA VEGA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the 22nd day of April , 2010 at 9:30 o'clock A M; and executed at
350 N. St. Paul Street, Suite 2900, Dallas, TX within the county of Dallas , State of Texas at 3:05 o'clock P M
on the 22nd day of April , 2010 by delivering to the within named (Def.): New Breed Logistics, Inc., by
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery. delivering to its registered agent, CT Corporation System,
by delivering to its agent, Sandra Galicia

Authorized Person/Constable/Sheriff: Scott W. Hickman  - PRS# Sco5616
County of Dallas State of TX By Scott Hickman Deputy
Fees $ 65.00
State of Texas County of Dallas (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Scott W. Hickman before me this 26th day of April, 2010
to certify which witness my hand and seal of office
(Seal)                    County of Dallas , State of Texas

VINCENT M. STEVENS
Notary Public,
State of Texas
Comm. Exp. 01-14-13

CITATION

Cause No. 342-244950-10

SULEMA GARZA

VS.

NEW BREED LOGISTICS, INC.,
ET AL

ISSUED

This 19th day of April, 2010

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By        JUANITA VEGA Deputy

DAVID L WILEY
Attorney for: SULEMA GARZA
Phone No. (214)522-2121
ADDRESS: 1700 COMMERCE ST
STE 1570
DALLAS, TX 75201-5302

*CIVIL LAW*

*342244950100000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK

FILED
TARRANT COUNTY

2010 APR 30  PM 12: 22

THOMAS A. WILDER
DISTRICT CLERK

# PAPER CHASE LEGAL SERVICES

3109 Knox St., #632, Dallas, Texas  75205-4029
Phone:  214/520-0800 Fax:  214/520-7999
e-mail:  paperchasetexas@yahoo.com

April 27, 2010

Tarrant County District Clerk
Attn:  Civil Process/ 342nd Judicial District
401 W. Belknap
Fort Worth, Texas  76196-0402

RE:  Executed Officer's Return, Cause #342-244950-10

To whom it may concern,

Please file-mark the enclosed one (1) original officer's return(s) and copies of the return(s) in Cause #342-244950-10.  Once the original officer's return(s) and the copies have been file-marked, please send the file-marked copies back to me in the enclosed self-addressed stamped envelope.  Thank you in advance for your immediate attention to this matter.

Sincerely,

Vince Stevens



NO. 342-244950-10

| | | |
|---|---|---|
| SULEMA GARZA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | TARRANT COUNTY, TEXAS |
| NEW BREED LOGISTICS, INC. and | § | |
| AIDA GARCIA, | § | |
| | § | |
| Defendants. | § | 342ND JUDICIAL DISTRICT |

## DEFENDANT NEW BREED LOGISTICS, INC.'s
## ORIGINAL ANSWER AND DEFENSES

Defendant New Breed Logistics, Inc. ("New Breed" or "Defendant") hereby files its

Original Answer and Defenses to Plaintiff's Original Petition ("Petition"), as follows:

## I.
## GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, New Breed denies each and every

allegation contained in Plaintiff's Petition and any amendment or supplement thereto, and

demand strict proof thereof.

## II.
## DEFENSES AND OTHER MATTERS

1.     With respect to some or all of Plaintiff's claims, Plaintiff's Petition fails to state a

claim upon which relief can be granted.

2.     Plaintiff has failed to exhaust her administrative remedies as to some of her

claims and Plaintiff's claims are barred to the extent they exceed the scope or are inconsistent

with the Charge of Discrimination filed with any governmental agency, including the Texas

Workforce Commission – Civil Rights Division or the Equal Employment Opportunity

Commission.

3.      All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons that were in no way related to Plaintiff's alleged protected status or alleged complaint.

4.      New Breed asserts the defense recognized in the companion cases of *Burlington Industries, Inc. v. Ellerth*, 118 S.Ct. 2257 (1998) and *Faragher v. City of Boca Raton*, 118 S.Ct. 2275 (1998), because New Breed has in place a clear and well disseminated policy against discrimination on the basis of sex and retaliation and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by New Breed, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination are barred.

5.      Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by New Breed, Plaintiff has failed to mitigate or minimize the alleged damages.

6.      If any improper, illegal, or discriminatory act was taken by a New Breed employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to New Breed's policies, and was not ratified, confirmed, or approved by New Breed. Thus, any such actions cannot be attributed or imputed to New Breed.

7.      Any improper, illegal, or discriminatory actions by any New Breed employee was an independent, intervening, and unforeseeable act that was not ratified, confirmed, or approved by New Breed and thus cannot be attributed or imputed to New Breed.

8.      New Breed did not have actual or constructive knowledge of some or all of the alleged discriminatory acts alleged in Plaintiff's Petition at any time material to the Petition.

9.   Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

10.   New Breed asserts Plaintiff's own actions contributed in whole or in part to her alleged damages.

11.   Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

12.   Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances and/or was not caused by New Breed's conduct.

13.   Any alleged actions that may have occurred by New Breed were invited or consented to by Plaintiff or were reasonable given the circumstances.

14.   Plaintiff's claims for compensatory damages are subject to the limitations imposed by applicable federal and state laws.

15.   To the extent Plaintiff asserts a claim for punitive damages, New Breed is not liable for punitive damages under federal or state law, because neither New Breed, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized, ratified, or had actual knowledge of any such acts.  Moreover, an award of punitive damages would constitute an excessive fine and would be in violation of the constitutions of the State of Texas and the United States.

16.   To the extent Plaintiff asserts a claim for punitive damages, New Breed engaged in good faith efforts to comply with the civil rights laws.  Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon

reasonable grounds for believing that such conduct was not in violation of federal, state or local law and therefore, Plaintiff fails to state a claim for punitive damages.

17. To the extent Plaintiff asserts "common assault and/or battery" or other tort claims against New Breed, her claims are barred by the exclusivity provisions of the Texas Workers' Compensation Act.

18. Insofar as Plaintiff's claims are imprecisely pled and not specific, New Breed's due process rights under the Fourteenth Amendment to the United States Constitution are compromised; accordingly, prosecution of Plaintiff's claims in the absence of specific pleadings should be disallowed.

19. Plaintiff's claims are barred by the doctrine of avoidable consequences.

20. Any separate claim for mental anguish is preempted by Chapter 21 of the Texas Labor Code.

21. As the prevailing party, New Breed seeks recovery of its reasonable and necessary attorneys' fees pursuant to Chapter 21 of the Texas Labor Code and the American Rule.

22. New Breed reserves the right to amend its defenses and affirmative defenses as may appear applicable during the course of this litigation.

**PRAYER**

WHEREFORE Defendant New Breed Logistics, Inc. respectfully requests that this Court dismiss Plaintiff's Petition with prejudice, award Defendant its costs and attorney's fees incurred in this action, and award Defendant any such other relief that this Court deems just and proper.

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

_Michael R. Buchanan_

Michael R. Buchanan
State Bar No. 03288300
Kristin M. Snyder
State Bar No. 24046880
8117 Preston Road, Suite 700
Dallas, TX 75225
(214) 987-3800
(214) 987-3927 (Fax)
Mike.buchanan@ogletreedeakins.com
Kristin.snyder@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT
NEW BREED LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via certified mail, return receipt requested, on May 17, 2010, as follows:

David L. Wiley                     Enrique Chavez, Jr.
Gibson Wiley PLLC                  Chavez Law Firm
1700 Commerce Street, Suite 1570   2101 Stanton Street
Dallas, TX 75201-5302              El Paso, TX 79902

_Michael R. Buchanan_

Michael R. Buchanan

8584816.2

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

700 Preston Commons
8117 Preston Road
Dallas, TX 75225
Telephone: 214.987.3800
Facsimile: 214.987.3927
www.ogletreedeakins.com

Michael R. Buchanan*
Direct: (214)624-1146
Facsimile: (214)987-3927
Mike.Buchanan@ogletreedeakins.com

*Board Certified – Labor and Employment Law
Texas Board of Legal Specialization

May 17, 2010

**VIA HAND DELIVERY**
Thomas A. Wilder, District Clerk
Tim Curry Civil Justice Cneter
401 West Belknap
3rd Floor
Fort Worth, Texas 76196

FILED
TARRANT COUNTY
2010 MAY 17  AM 9:36
THOMAS A. WILDER
DISTRICT CLERK

Re:   *Selma Garza v. New Breed Logistics, Inc. and Aida Garcia*
        Cause No. 342-244950-10

Dear Mr. Wilder:

Enclosed for filing please find the original and one copy of Defendant New Breed Logistics, Inc.'s Original Answer and Defenses. The messenger will return a file-stamped copy of the Answer.

By copy of this letter I am serving the Answer on counsel for Plaintiff.

Very truly yours,

Michael R. Buchanan

MRB/ms
Enclosures as specified

cc.   David L. Wiley, Esq. (Via Certified Mail)
        Enrique Chavez, Jr., Esq. (Via Certified Mail)

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington