

**ORIGINAL**

CAUSE NO. 342-244950-10

| | |
|---|---|
| SULEMA GARZA, | IN THE DISTRICT COURT OF |
| **Plaintiff,** | |
| v. | TARRANT COUNTY, TEXAS |
| NEW BREED LOGISTICS, INC. and AIDA GARCIA, | |
| **Defendants.** | 342nd JUDICIAL DISTRICT |

## AGREED SCHEDULING ORDER AND STIPULATIONS

Plaintiff Sulema Garza and Defendant New Breed Logistics, Inc. (the "parties"), through their respective undersigned counsel, agree that the following schedule is best-suited to the needs of the parties and their counsel in light of the nature of this civil action and the obligations the parties and their counsel presently have in other matters:

## I.    AGREED PROPOSED DEADLINES

Deadline to file amended and supplemental pleadings.

In the event an amended or supplemental pleading asserting a new cause of action or defense is filed on or after 20 calendar days prior to this deadline, any pleading directly responsive to the amended or supplemental pleading may be filed on or before 20 days after service of the amended or supplemental pleading.

February 4, 2011

Copy Mailed to____ all____

Attorney of Record On _9-14-10_

**Court's Minutes**
**Transaction # 6**   AGREED SCHEDULING ORDER AND STIPULATIONS — PAGE 1 OF 6



| | |
|---|---|
| Deadline to complete discovery, other than discovery concerning expert witnesses | March 30, 2011 |
| Written discovery must be served in a manner such that the deadline for service of a written response is due on or before this deadline. | |
| Deadline for each party seeking affirmative relief to serve the information and materials referenced in Texas Rule of Civil Procedure 194.2(f) concerning testifying experts. | February 28, 2011 |
| Deadline for each party opposing affirmative relief to serve the information and materials referenced in Texas Rule of Civil Procedure 194.2(f) concerning testifying experts. | March 15, 2011 |
| Deadline to file motions to exclude experts and expert testimony, whether in whole or in part | April 29, 2011 |
| Deadline to file dispositive motions | April 15, 2011 |
| Deadline to conduct mediation should the court require mediation. | February 15, 2011 |
| Deadline to serve proposed trial exhibits including demonstrative aids | August 15, 2011 |
| Deadline to file Pretrial Materials | August 22, 2011 |

Deadline to file motions in limine                    August 29, 2011

Trial                                                 September _6_ , 2011

## II. <u>STIPULATIONS ON OTHER MATTERS</u>

### A.    <u>PRETRIAL MATERIALS</u>

Pretrial materials to be filed by the date indicated above include the following: (1) stipulations of fact; (2) agreed propositions of law; (3) a list of fact witnesses who will be called to testify, including the name, address, telephone number of each witness if known; (4) a list of expert witnesses who will testify, including the name, address, telephone number of each witness; (5) a list of all trial exhibits that have been marked and exchanged (each exhibit is to be separately identified and not identified by group or category) and stipulations as to authenticity and admissibility of those exhibits; (6) an estimated trial length; (7) designation of deposition testimony, including page and line references, to be offered on direct examination whether via video or otherwise;[1] (8) proposed jury charges."

**B.**   **MEDIATION**

The parties have agreed to use Ken Rubenstein or Courtenay Bass as the mediator in this case should the court issue an order to mediate.  Each party shall be present at and during the entirety of any scheduled mediation and will bring with them a representative fully authorized to bind that party to a binding settlement agreement.

**C.**   **STIPULATIONS AND RULE 11 AGREEMENTS**

1.   **Electronic Service.**  For purposes of calculating deadlines associated with service, the parties agree to treat electronic service via email the same as "telephonic document transfer" within the meaning of Texas Rule of Civil Procedure 21a, except that service after 5:00 p.m. c.s.t. and before midnight c.s.t. via either email or facsimile shall be treated as service the same day rather than the next business day."  For reference, the attorneys' regular business email addresses for counsel are as follows:  David L. Wiley [david@gwfirm.com], Amy  E.  Gibson  [amy@gwfirm.com], Enrique  Chavez [chavezlaw7773@sbcglobal.net],    Michael    R.    Buchanan [Mike.buchanan@ogletreedeakins.com],    Kristin    M.    Snyder [Kristin.snyder@ogletreedeakins.com].  Counsel will endeavor to copy all of these email addresses on email correspondence with opposing counsel.  This stipulation does not indicate that electronic service via email is required.

2.   **Electronic Discovery.**  To the extent possible, the parties will initially produce documents in paper or pdf format.  The requesting party does not thereby waive

---

[1]   The Parties are hereby otherwise excused from the requirements of Local Rule 3.03(d) with respect to designation of videotaped depositions.

**AGREED SCHEDULING ORDER AND STIPULATIONS — PAGE 4 OF 6**

the right to later request, without the need for a formal document request, that a particular document or documents initially produced in paper or pdf format be produced in electronic form [*e.g.*, as a word document, as an excel spreadsheet, etc.], assuming the document requested exists in electronic form. This stipulation does not otherwise alter the parties' rights or obligations concerning electronic or other discovery.

3.    **Attorneys' Fees and Costs.**  The parties need not comply with Texas Rule of Civil Procedure 194.2(f)(2)-(4) with respect to experts on the issue of attorneys' fees and costs at the time these disclosures are otherwise due under the scheduling order. The parties agree that all disclosures and discovery responses concerning attorneys' fees and costs will be due post-verdict. The parties agree to work together on a post-verdict disclosure and briefing schedule acceptable to the Court. This stipulation does not otherwise affect post-judgment submissions concerning attorneys' fees or costs.

Signed this ___13th___, day of ~~August~~ *September*, 2010, by

_____
JUDGE FOR THE 342ND JUDCIAL
DISTRICT COURT FOR TARRANT
COUNTY, TEXAS

AGREED SCHEDULING ORDER AND STIPULATIONS — PAGE 5 OF 6

AGREED AS TO FORM AND SUBSTANCE:

Amy E. Gibson
Texas State Bar No.
00793801

Enrique Chavez, Jr.
Texas State Bar No.
24001873

Michael R. Buchanan
Texas State Bar No.
03288300

David L. Wiley
Texas State Bar No.
24029901

Kristin M. Snyder
Texas State Bar No.
24046880

**Gibson Wiley PLLC**

1700 Commerce Street
Suite 1570
Dallas, Texas 75201-5302
Telephone: (214) 522-2121
Facsimile:  (214) 522-2126
E-Mail Addresses:

amy@gwfirm.com
david@gwfirm.com

ATTORNEYS FOR
PLAINTIFF
SULEMA GARZA

**Chavez Law Firm**

2101 N. Stanton St.
El Paso, TX, 79902-3317
Telephone: (915) 351-7772
Facsimile:  (215) 351-7773
E-Mail Addresses:

chavezlaw7773@sbcglobal.net

ATTORNEY FOR
PLAINTIFF
SULEMA GARZA

**Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.**

8117 Preston Road, Suite 700
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile:  (214) 987-3927
E-Mail Address:

Mike.buchanan@ogletreedeakins.com
Kristin.snyder@ogletreedeakins.com

ATTORNEYS FOR
DEFENDANT
NEW BREED LOGISTICS, INC.

**AGREED SCHEDULING ORDER AND STIPULATIONS — PAGE 6 OF 6**



**Gibson Wiley PLLC**
ATTORNEYS & COUNSELORS AT LAW

September 8, 2010

**VIA U.S. FIRST CLASS MAIL**

Mr. Thomas A. Wilder
Tarrant County District Clerk
Justice Center
401 W. Belknap St.
Fort Worth, Texas 76196

> Re:  **Cause No. 342-244950-10**
>      *Sulema Garza v. New Breed Logistics, Inc. and Aida Garcia,*
>      **in the 342nd District Court for Tarrant County, Texas**

Dear Mr. Wilder:

Enclosed are an original and one copy of the following:

- Agreed Scheduling Order and Stipulations

Please file the original and present to the Court for consideration. Please return the one extra, filed-stamped copy to me via the enclosed, postage prepaid envelope.

If you have any questions, please do not hesitate to contact me. Thank you for your attention to and cooperation in this matter.

Sincerely,

David L. Wiley

**Copy Sent (With Copy of Enclosure)**
**Via Email (Pursuant to Agreement) to:**

Mr. Michael R. Buchanan
Mike.buchanan@ogletreedeakins.com
Ms. Kristin Snyder
Kristin.snyder@ogletreedeakins.com

---

1700 Commerce Street, Suite 1570, Dallas, Texas 75201-5302 | *Telephone* 214.522.2121 | *Facsimile* 214.522-2126 | *www.gwfirm.com*

5

TRANSMITTED/STORED : MAR. 10. 2011  9:34AM
FILE MODE          OPTION              ADDRESS                    RESULT    PAGE
-------------------------------------------------------------------------------
132  MEMORY TX                         18178502928               OK        18/18

-------------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL            E-2) BUSY
E-3) NO ANSWER                       E-4) NO FACSIMILE CONNECTION

---

## THOMAS A. WILDER  -  TARRANT COUNTY DISTRICT CLERK
## FAX TRANSMITTAL FORM

Attorney: **KRISTIN M. SNYDER**          Bar ID # **24046880**

Firm Name: **Ogletree Deakins**          Fax # **214-987-3927**

Subscriber Number: **95000695**          Telephone # **214-987-3800**

Representing: _____ Plaintiff/Petitioner    **X** Defendant/Respondent  _____ Other

Authorization: I authorize the filing of the below named document(s) and I further authorize my checking account to be debited in accordance with my subscriber's agreement.

Signature: **Mary A. Weir**

Total number of Pages (including this form) __**18**__   Case Number (if on new case) **342-244950-10**

This document should be filed in:
- ✓ Civil            (For Civil or Criminal please send your fax to: **817-850-2928**)
- ____ Criminal

- ____ Family        (For Family or Juvenile please send your fax to: **817-850-2927**)
- ____ Juvenile

If you ever have a problem, please call Sue at 817-884-1345 or Willie at 817-212-7009.

- ____ New Case Filing

- ____ Motions and other pleadings WITH FEES: _____

- ✓ Motions and other pleadings WITHOUT FEES: _____

### REQUEST FOR SERVICE DOCUMENTS (Do you want us to issue citations or other documents?)

| Type of service document | Name of person to be served | Address | Type of service (constable, Private, certified mail, etc) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## NO. 342-244950-10

| | | |
|---|---|---|
| **SULEMA GARZA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **NEW BREED LOGISTICS, INC. and** | § | |
| **AIDA GARCIA,** | § | |
| | § | |
| **Defendants.** | § | **342ND JUDICIAL DISTRICT** |

## DEFENDANT NEW BREED LOGISTICS, INC.'S MOTION TO QUASH NOTICES OF DEPOSITION OF RICHARD STATON, DEBORAH MAXWELL, AND MELISSA BUNTAINE

Defendant New Breed Logistics, Inc. ("New Breed") moves under Rule 199.4 of the Texas Rules of Civil Procedure to quash Plaintiff's Notice of Intention to Take the Deposition of Richard Staton, Deborah Maxwell, and Melissa Buntaine, and in support shows as follows:

### I. GROUNDS FOR MOTION TO QUASH

On March 7, 2011, the undersigned was served with Plaintiff's Notices of Intention to Take the Deposition of Richard Staton, Deborah Maxwell, and Melissa Buntaine (the "Notices"). A copy of the Notices is attached as Exhibit A and incorporated by reference. The Notices purport to set the deposition of Rick Staton at 9:30 a.m., Thursday, March 17, 2011, Deborah Maxwell at 9:30 a.m., Friday, March 18, 2011, and Melissa Buntaine at 9:30 a.m., *Saturday*, March 19, 2011, all at Ogletree's offices in Dallas.

New Breed objects to the time and place of the depositions because New Breed's counsel and/or the witnesses are not available on the dates unilaterally chosen by Plaintiff in the Notices. A reasonable date and time to conduct Mr. Staton's deposition would be at 9:30 a.m. on Tuesday, March 22, 2011. A reasonable date and time to conduct Ms. Maxwell's deposition

would be at 9:30 on Wednesday, March 23, 2011. A reasonable time to conduct Ms. Buntaine's deposition would be at 9:30 a.m. on Friday, March 25, 2011.

## II.     AUTOMATIC STAY

Because this Motion is filed within three days of the date Plaintiff served the Notices, and is based on the time and place set for said depositions, this motion automatically stays the noticed depositions. TEX. R. CIV. P. 199.4.

**WHEREFORE PREMISES CONSIDERED**, Defendant, New Breed Logistics, Inc. respectfully request that the Court quash the deposition notices of Richard Staton, Deborah Maxwell, and Melissa Buntaine. New Breed further requests any and all other relief to which it may show itself entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Michael R. Buchanan
State Bar No. 03288300
Kristin M. Snyder
State Bar No. 24046880
8117 Preston Road, Suite 700
Dallas, TX 75225
(214) 987-3800
(214) 987-3927 (Fax)
Mike.buchanan@ogletreedeakins.com
Kristin.snyder@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT
NEW BREED LOGISTICS, INC.**

## CERTIFICATE OF CONFERENCE

New Breed's counsel held a conference with Plaintiff's counsel regarding whether Plaintiff would withdraw the Notices. Plaintiff's counsel indicated they were unwilling at this time to withdraw the Notices. Therefore, this Motion is presented to the Court for consideration.

_____
Kristin M. Snyder

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via certified mail, return receipt requested, on March 10, 2011, as follows:

David L. Wiley                          Enrique Chavez, Jr.
Amy Gibson                              Chavez Law Firm
Gibson Wiley PLLC                       2101 Stanton Street
1700 Commerce Street, Suite 1570        El Paso, TX 79902
Dallas, TX 75201-5302

_____
Kristin M. Snyder

9945530.1

# EXHIBIT A

## CAUSE NO. 342-244950-10

| | |
|---|---|
| **SULEMA GARZA,** | |
|     **Plaintiff,** | |
| **v.** | **IN THE DISTRICT COURT OF** |
| **NEW BREED LOGISTICS, INC.** **and AIDA GARCIA,** | **TARRANT COUNTY, TEXAS** |
|     **Defendants.** | **342nd JUDICIAL DISTRICT** |

### NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF RICHARD STATON

**PLEASE TAKE NOTICE** that Plaintiff Sulema Garza, through undersigned counsel, will take the oral deposition of Richard Staton beginning as follows:

    **Time:**    **9:30 a.m. Central Standard Time**

    **Date:**    **March 17, 2011**

    **Place:**    **Ogletree, Deakins, Nash,**
                **Smoak & Stewart, P.C.**
                **8117 Preston Road, Suite 700**
                **Dallas, Texas 75225**
                **(214) 987-3800**

The deposition will be taken pursuant to the Texas Rules of Civil Procedure, before an officer authorized by law to administer oaths and take

**NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF RICHARD STATON — PAGE 1 OF 4**

depositions, and will continue from day to day until completed. You are invited to attend and examine the witness. The deposition will be recorded stenographically and by videotape.

Respectfully submitted,

Amy E. Gibson
Texas State Bar No. 00793801

David L. Wiley
Texas State Bar No. 24029901

**Gibson Wiley PLLC**
1700 Commerce Street, Suite 1570
Dallas, Texas 75201-5302
Telephone: (214) 522-2121
Facsimile: (214) 522-2126
E-Mail Addresses:

> amy@gwfirm.com
> david@gwfirm.com

Enrique Chavez, Jr.
Texas State Bar No. 24001873

**Chavez Law Firm**
2101 Stanton Street
El Paso, Texas 79902
Telephone: (915) 351-7772
Facsimile: (915) 351-7773

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Pursuant to Tarrant County Local Rule 3.11(b), a conference was attempted with counsel of record for Defendant New Breed Logistics, Inc. to agree on a date, time, and place for the above deposition. No counsel of record for Defendant New Breed Logistics, Inc. responded to the request. Therefore, the deposition is being taken pursuant to this notice.

_____
Amy E. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 7, 2011 before 5:00 p.m., a true copy of the foregoing Notice of Intent to Take Oral Deposition of Richard Staton was served on Defendant, through its lead attorney of record, as follows:

**VIA EMAIL**

Mr. Michael R. Buchanan
Ms. Kristin M. Snyder

Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
8117 Preston Road, Suite 700
Dallas, Texas 75225
E-Mail Addresses:
Mike.buchanan@ogletreedeakins.com
Kristin.snyder@ogletreedeakins.com

_____
Amy E. Gibson

NOTICE OF INTENT TO TAKE ORAL DEPOSITION
OF RICHARD STATON — PAGE 4 OF 4

## CAUSE NO. 342-244950-10

| | |
|---|---|
| SULEMA GARZA, | |
| **Plaintiff,** | |
| v. | **IN THE DISTRICT COURT OF** |
| NEW BREED LOGISTICS, INC. and AIDA GARCIA, | **TARRANT COUNTY, TEXAS** |
| **Defendants.** | **342nd JUDICIAL DISTRICT** |

### NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF DEBRA MAXWELL AKA DEBORAH MAXWELL

**PLEASE TAKE NOTICE** that Plaintiff Sulema Garza, through undersigned counsel, will take the oral deposition of Debra Maxwell aka Deborah Maxwell beginning as follows:

| | |
|---|---|
| **Time:** | **9:30 a.m. Central Standard Time** |
| **Date:** | **March 18, 2011** |
| **Place:** | **Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 8117 Preston Road, Suite 700 Dallas, Texas 75225 (214) 987-3800** |

The deposition will be taken pursuant to the Texas Rules of Civil Procedure, before an officer authorized by law to administer oaths and take

NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF DEBRA MAXWELL AKA DEBORAH MAXWELL — PAGE 1 OF 5

depositions, and will continue from day to day until completed. You are invited to attend and examine the witness. The deposition will be recorded stenographically and by videotape.

Respectfully submitted,


Amy E. Gibson
Texas State Bar No. 00793801

David L. Wiley
Texas State Bar No. 24029901

**Gibson Wiley PLLC**
1700 Commerce Street, Suite 1570
Dallas, Texas 75201-5302
Telephone: (214) 522-2121
Facsimile: (214) 522-2126
E-Mail Addresses:

> amy@gwfirm.com
> david@gwfirm.com

Enrique Chavez, Jr.
Texas State Bar No. 24001873

**Chavez Law Firm**
2101 Stanton Street
El Paso, Texas 79902
Telephone: (915) 351-7772
Facsimile: (915) 351-7773

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Pursuant to Tarrant County Local Rule 3.11(b), a conference was attempted with counsel of record for Defendant New Breed Logistics, Inc. to agree on a date, time, and place for the above deposition. No counsel of record for Defendant New Breed Logistics, Inc. responded to the request. Therefore, the deposition is being taken pursuant to this notice.

_____
Amy E. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 7, 2011 before 5:00 p.m., a true copy of the foregoing Notice of Intent to Take Oral Deposition of Debra Maxwell aka Deborah Maxwell was served on Defendant, through its lead attorney of record, as follows:

**VIA EMAIL**

Mr. Michael R. Buchanan
Ms. Kristin M. Snyder

Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
8117 Preston Road, Suite 700
Dallas, Texas 75225
E-Mail Addresses:
Mike.buchanan@ogletreedeakins.com
Kristin.snyder@ogletreedeakins.com

_____
Amy E. Gibson

CAUSE NO. 342-244950-10

| | |
|---|---|
| SULEMA GARZA, | |
| **Plaintiff,** | |
| v. | **IN THE DISTRICT COURT OF** |
| NEW BREED LOGISTICS, INC. and AIDA GARCIA, | **TARRANT COUNTY, TEXAS** |
| **Defendants.** | **342nd JUDICIAL DISTRICT** |

## NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF MELISSA BUNTAINE

**PLEASE TAKE NOTICE** that Plaintiff Sulema Garza, through undersigned counsel, will take the oral deposition of Melissa Buntaine beginning as follows:

|  |  |
|---|---|
| Time: | **9:30 a.m. Central Standard Time** |
| Date: | **March 19, 2011** |
| Place: | **Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 8117 Preston Road, Suite 700 Dallas, Texas 75225 (214) 987-3800** |

The deposition will be taken pursuant to the Texas Rules of Civil Procedure, before an officer authorized by law to administer oaths and take

NOTICE OF INTENT TO TAKE ORAL DEPOSITION
OF MELISSA BUNTAINE — PAGE 1 OF 4

depositions, and will continue from day to day until completed. You are invited to attend and examine the witness. The deposition will be recorded stenographically and by videotape.

.

Respectfully submitted,

_____
Amy E. Gibson
Texas State Bar No. 00793801

David L. Wiley
Texas State Bar No. 24029901

**Gibson Wiley PLLC**
1700 Commerce Street, Suite 1570
Dallas, Texas 75201-5302
Telephone: (214) 522-2121
Facsimile: (214) 522-2126
E-Mail Addresses:

> amy@gwfirm.com
> david@gwfirm.com

Enrique Chavez, Jr.
Texas State Bar No. 24001873

**Chavez Law Firm**
2101 Stanton Street
El Paso, Texas 79902
Telephone: (915) 351-7772
Facsimile: (915) 351-7773

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Pursuant to Tarrant County Local Rule 3.11(b), a conference was attempted with counsel of record for Defendant New Breed Logistics, Inc. to agree on a date, time, and place for the above deposition. No counsel of record for Defendant New Breed Logistics, Inc. responded to the request. Therefore, the deposition is being taken pursuant to this notice.

_____
Amy E. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 7, 2011 before 5:00 p.m., a true copy of the foregoing Notice of Intent to Take Oral Deposition of Melissa Buntaine was served on Defendant, through its lead attorney of record, as follows:

**VIA EMAIL**

Mr. Michael R. Buchanan
Ms. Kristin M. Snyder

Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
8117 Preston Road, Suite 700
Dallas, Texas 75225
E-Mail Addresses:
Mike.buchanan@ogletreedeakins.com
Kristin.snyder@ogletreedeakins.com

_____
Amy E. Gibson

NOTICE OF INTENT TO TAKE ORAL DEPOSITION
OF MELISSA BUNTAINE — PAGE 4 OF 4



```
JIMSGTM8            TARRANT COUNTY DISTRICT CLERK'S OFFICE      Page:    1
                      ALL TRANSACTIONS FOR A CASE              Date: 03/10/2011
                                                              Time: 11:07
```

|  | Cause Number: 342-244950-10   Date Filed: 04/16/2010 |
|---|---|
| SULEMA GARZA | v \| NEW BREED LOGISTICS, INC., |
|  | s \| ET AL |
| Cause of Action: INJURY OR DAMAGE, OTHER INJURY OR DAMAGE | |
| Case Status····: PENDING | |

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 04/16/2010 | PLAINTIFF'S ORIGINAL PETITION | NI | 249.00 |
| 04/16/2010 | COURT COST (PAID) trans #1 | Y | 249.00 |
| 04/16/2010 | CITATION-ISSUED ON NEW BREED LOGISTICS INC-ON | NI | 8.00 |
| 04/16/2010 | COURT COST (PAID) trans #3 | Y | 8.00 |
| 05/17/2010 | (ORIG ANSWR) DEFN NEW BREED LOGISTICS INC....& | I | 0.00 |
| 09/13/2010 | ***AGREED SCHEDULING ORDER AND STIPULATIONS***- | IM | 0.00 |
| 02/23/2011 | Citation-ISSUED ON AIDA GARCIA-On 02/25/2011 | N | 8.00 |
| 02/23/2011 | COURT COST (PAID) trans #7 | Y | 8.00 |

Total Number Of Records Printed:    8



Page 1

1                      CAUSE NO. 342-244950-10
2     SULEMA GARZA                    ) IN THE DISTRICT COURT
                                      )
3     PLAINTIFF,                      )
                                      )
4     VS.                             ) TARRANT COUNTY, TEXAS
                                      )
5     NEW BREED LOGISTICS, INC.       )
      AND AIDA GARCIA                 )
6                                     )
      DEFENDANTS.                     ) 342ND JUDICIAL DISTRICT
7
8
9     *********************************************************
10              ORAL AND VIDEOTAPED DEPOSITION OF
11                        SULEMA GARZA
12                     February 25, 2011
13    *********************************************************
14
15       ORAL AND VIDEOTAPED DEPOSITION OF SULEMA GARZA,
16    produced as a witness at the instance of the DEFENDANTS,
17    and duly sworn, was taken in the above-styled and
18    numbered cause on the 25th of February, 2011, from 9:57
19    a.m. to 3:23 p.m., before Julie I. Upton, CSR in and for
20    the State of Texas, reported by machine shorthand, at
21    the Law Offices of Gibson Wiley, 1700 Commerce Street,
22    Suite 1570, Dallas, Texas 75201 pursuant to the Texas
23    Rules of Civil Procedure and the provisions stated on
24    the record or attached hereto.
25

ORAL DEPOSITION OF SULEMA GARZA

Page 2

1                    A P P E A R A N C E S
2
3    FOR THE PLAINTIFF:
         MR. DAVID L. WILEY
4        GIBSON WILEY
         1700 Commerce
5        Suite 1570
         Dallas, Texas  75201
6        Phone: (214)522-2121
         Fax: (214)522-2126
7
     FOR THE DEFENDANTS:
8        MR. MICHAEL R. BUCHANAN
         MS. KRISTIN SNYDER
9        OGLETREE DEAKINS
         8117 Preston Road
10       Suite 700
         Dallas, Texas  75225
11       Phone: (214)987-3800
         Fax: (214)987-3927
12       mike.buchanan@ogletreedeakins.com
13
14
     ALSO PRESENT:
15       Mr. Billy Gonzalez, videographer
         Mr. Jim Valdez
16
17
18
19
20
21
22
23
24
25

1    when was the first time you got a picture?  Do you

2    recall?

3         A.   I don't recall the date.

4         Q.   Do you recall the date of the pinching?

5         A.   No, sir.

6         Q.   Do you recall the dates of the sticky notes?

7         A.   No, sir.

8         Q.   Can you tell me on the pinching that occurred

9    in this month, this month, this month and this month?

10   Can you pinpoint the month?  And I'm not asking you to

11   guess.

12        A.   Then I wouldn't be able to answer that

13   question.  I don't want to take a guess.

14        Q.   With the pinching, can you pinpoint the month

15   in which that occurred?

16        A.   I would say sometime in March.

17        Q.   Why do you say March?

18        A.   I'm just taking a guess.

19        Q.   Okay.

20             MR. BUCHANAN:  Can you read back my

21   question?

22             (Requested portion was read.)

23        Q.   (BY MR. BUCHANAN)  March 2008 is your best

24   estimate?

25        A.   Yes.

ORAL DEPOSITION OF SULEMA GARZA

Page 126

1      Q.    All right.  With respect to the pinching, you

2   reported it.  You're unaware of Rick Staton doing

3   anything about it?

4      A.    Correct.

5      Q.    But it stopped, correct?

6      A.    No.

7      Q.    It continued forever?

8      A.    It didn't continue forever, but it kept on.

9      Q.    You told me it occurred a specific number of

10   times.

11      A.    Yes.

12      Q.    Two to three times?

13          MR. WILEY:  Objection.  Form.

14      Q.    (BY MR. BUCHANAN)  How many times did the

15   pinching occur?

16      A.    I would say there was three times that I can

17   recall on the pinching.

18      Q.    And you pinpointed that as March of 2008,

19   right?

20      A.    Yes.

21      Q.    Is that a yes?

22      A.    Yes.

23          MR. WILEY:  Objection.  Form.

24      Q.    (BY MR. BUCHANAN)  Okay.  So the pinching

25   occurred three times.  All right.



## AFFIDAVIT OF RICHARD E.F.VALITUTTO

STATE OF NORTH CAROLINA       §
                                     §

COUNTY OF GUILFORD           §

**BEFORE ME**, the undersigned notary public, personally appeared Richard E.F. Valitutto, who is known to me, and first being duly sworn, on her oath deposed and said:

1.       "My name is Richard E.F. Valitutto.  I am of over 21 years of age, of sound mind, I have never been convicted of a felony, and I am fully competent to make this affidavit and testify as to the facts stated in this affidavit.  I have personal knowledge of each of the facts stated in this affidavit and they are true and correct.

2.       I am the Vice President and General Counsel of New Breed Logistics, Inc.

3.       Sulema Garza was previously an employee of New Breed Logistics, Inc.

4.       New Breed Logistics, Inc. is a corporation incorporated under the laws of North Carolina and with its principal place of business in High Point, North Carolina.  New Breed Logistics, Inc. has never been incorporated under the laws of the State of Texas nor had its principal place of business in Texas.

**THIS CONCLUDES MY AFFIDAVIT TESTIMONY.**

_____
Richard E.F. Valitutto

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 9th day of March 2011.

_____
Notary Public, State of North Carolina

My commission expires:

_10/23/13_____

MARSHA M. COLE
NOTARY PUBLIC
GUILFORD COUNTY, NC

**AFFIDAVIT OF RICHARD VALITUTTO – SOLO PAGE**



CAUSE NO. 342-244950-10

| | |
|---|---|
| SULEMA GARZA, | |
| **Plaintiff,** | |
| v. | **IN THE DISTRICT COURT OF** |
| NEW BREED LOGISTICS, INC. and AIDA GARCIA, | **TARRANT COUNTY, TEXAS** |
| **Defendants.** | **342nd JUDICIAL DISTRICT** |

### PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT NEW BREED LOGISTIC, INC.'S REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff Sulema Garza serves Plaintiff's Amended Responses to Defendant New Breed Logistics, Inc.'s Request for Disclosure of the material or information described in Texas Rule of Civil Procedure 194.2(a)-(l) as follows:

**(a)** **the correct names of the parties to the lawsuit:**

Plaintiff presently believes the parties have been correctly named.

**(b)      the name, address, and telephone number of any potential parties:**

Veronica Ruvalcalba
4320 N. Sylvania Avenue
Fort Worth, Texas 76137
(336) 402-4359
Home Contacts Unknown

Teresa Falcon
4320 N. Sylvania Avenue
Fort Worth, Texas 76137
(336) 402-4359
Home Contacts Unknown

**(c)      the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial):**

*The Harassment*

New Breed Logistics, Inc. ("New Breed Logistics") employed Ms. Garza as a Battery Charger. Co-worker Aida Garcia drew and circulated drawings of Ms. Garza with a penis and with a vagina and pinched Ms. Garza causing Ms. Garza to bruise. Aida Garcia — along with co-workers Veronica Ruvalcalba and Teresa Falcon would pretend to strip and grab each other's breasts, groins, and buttocks in front of Ms. Garza and would tease her. Ms. Garza reported the harassment to her supervisor, Richard Staton, but the harassment did not stop. The three continued to harass Ms. Garza. Aida Garcia would cause to be placed on Ms. Garza's backside paper "stickies" with the words "Sexy" and "Baby" written on them.

*The Retaliation for Complaining About the Harassment*

In response to her complaints, Mr. Staton told Ms. Garza "they are not listening" or words to that effect and instructed Ms. Garza to take the matter to the company's human resources personnel. Ms. Garza did as instructed. In response, New Breed Logistics suspended her without pay and subsequently, terminated her employment.

*The Laws Violated*

New Breed Logistics intentionally discriminated against Ms. Garza, in the terms and conditions of her employment, on the basis of her sex, in violation of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE §§ 21.001 to 21.556 (as amended). New Breed Logistics did so by subjecting Ms. Garza to a hostile work environment. New Breed Logistics did so with malice or

reckless indifference to Ms. Garza's state-protected rights, within the meaning of Section 21.2585 of the Texas Labor Code.

New Breed Logistics also intentionally discriminated against Ms. Garza because she opposed a discriminatory practice within the meaning of the TCHRA.[1]  New Breed Logistics did so by (1) continuing to subject her to a hostile work environment, (2) suspending her employment without pay, and (3) terminating her employment.  New Breed Logistics did so with malice or reckless indifference to Plaintiff's state-protected rights, within the meaning of Section 21.2585 of the Texas Labor Code.

Aida Garcia assaulted Ms. Garza, in violation of Section 22.01(a)(3) of the Texas Penal Code.  New Breed Logistics is liable for the assaults committed because it ratified this conduct.

**(d)    the amount and any method of calculating economic damages:**

**Past Wage and Benefit Losses.**  Ms. Garza seeks all past wage and benefit losses potentially recoverable on her claims for violation of the TCHRA.[2]  The amount and method of calculation based on information known to date is illustrated in the chart below.  At this time, the calculation does not include losses incurred with respect to 401k benefits, nor has New Breed Logistics produced requested information needed to calculate losses incurred with respect to 401k benefits.

---

[1]    *See* TEX. LABOR CODE § 21.055.

[2]    "Liability under a back pay award may not accrue for a date more than two years before the date a complaint is filed with the commission.   Interim earnings, workers' compensation benefits, and unemployment compensation benefits received operate to reduce the back pay otherwise allowable." TEX. LABOR CODE § 21.258(c).

PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT
NEW BREED LOGISTICS, INC.'S REQUEST FOR DISCLOSURE — PAGE 3 OF 14

## Past Wage and Benefit Losses Before Mitigation Reduction

| earning period used to determine average weekly wages | August 20, 2007[3] though July 11, 2008[4] [47 weeks] |
|---|---|
| total earnings during earning period | $31,355.26[5] |
| average weekly wages | $667.13[6] |
| past loss period | July 23, 2008[7] through September 9, 2011[8] [163 weeks] |
| Total | $108,742.19[9] |

---

[3]     Ms. Garza began working for New Breed Logistics through an entity known as Staffing Solutions. Staffing Solutions initially provided the earned paychecks to Ms. Garza. New Breed Logistics later began providing the earned paychecks to Ms. Garza once it officially hired Ms. Garza as a permanent employee.

      Staffing Solutions' last pay stub for Ms. Garza shows August 19, 2007 as the last work day for which it provided her a paycheck for work at New Breed Logistics. Thus, the first work day for which New Breed Logistics would have provided her a paycheck would have been Monday, August 20, 2007. *Compare* Garza 0040-0041.

[4]     New Breed Logistics' last paycheck to Ms. Garza was dated August 1, 2008. *See* New Breed 67. However, that paycheck reflected artificially lower hours worked because New Breed had suspended Ms. Garza from work on July 22, 2008 pending termination. Ms. Garza claims the suspension was unlawful. As a result, the last pay period was not used as part of the earning period.

      New Breed's previous paycheck to Ms. Garza was dated July 18, 2008. *See* New Breed 67. It appears that paycheck dates were usually about 7 days after the last work day of the pay period. Thus, Ms. Garza has used July 11, 2008 as the last day of the period used to determine her average weekly wage.

      A suspension on June 10, 2008 also appears retaliatory. Once the length of the suspension is confirmed, Ms. Garza may exclude that py period from the calculation of the average weekly wage.

[5]     The wages are based on New Breed Logistics' payroll records. *See* New Breed 65-67. The work start dates and work end dates were derived from pay stubs. *See* Garza 0040-0060.

[6]     $31,355.26 divided by 47 weeks = $667.133191489.

[7]     New Breed Logistics on July 22, 2008 suspended Ms. Garza without pay pending termination. *See* New Breed 53. Thus, it appears that July 22, 2008 was Ms. Garza's last day of work with New Breed Logistics.

[8]     Ms. Garza's counsel estimates at this time that the Court will be in a position to render judgment on any jury verdict on Monday, September 12, 2011.

[9]     $667.13 x 163 weeks = $108,742.19.

|  |  |
|---|---|

### Mitigation Reductions

| interim earnings | $5,519.07[10] |
|---|---|
| workers' compensation benefits | $0 |
| unemployment compensation benefits | pending[11] |
| Total | $5,519.07 |

### Past Wage and Benefit Losses Total

The total past wage and benefit losses based on information obtained to date and pending receipt of further information is $102,953.12.

**Future Wage and Benefit Losses.** In lieu of reinstatement, Ms. Garza seeks all future wage and benefit losses potentially recoverable on her claims for violation of the TCHRA. The amount and method of calculation based on information known to date is illustrated in the chart below. At this time, the calculation does not include losses incurred with respect to 401k benefits, nor has New Breed Logistics produced requested information needed to calculate losses incurred with respect to 401k benefits.

---

[10]    This total is based on 2010 W2 information and paystubs through February 4, 2011. Ms. Garza has not yet personally received annual income statements from Grandy's and J.C. Penny's concerning interim earnings with those employers.

[11]    Ms. Garza's attorneys have requested this information from the Texas Workforce Commission but have not yet received the requested information.

## Future Wage and Benefit Losses

| | |
|---|---|
| average weekly wages at New Breed Logistics | $667.13[12] |
| average weekly wages at Goodwill Keystone Area | $306.68[13] |
| average weekly loss | $360.45 |
| front pay period | weekly payments from September 12, 2011[14] through a maximum of February 4, 2031 when Ms. Garza will be 67 years old[15] [1007 weeks] |
| Total | Ms. Garza plans to leave this determination as to the length of weekly payments to the judge and jury |

**Punitive Damages.** Ms. Garza seeks punitive damages potentially recoverable on her claims for violation of the TCHRA and for assault. At this time, Ms. Garza does not plan to seek a specific dollar amount for these damages and instead plans to leave the determination to the jury. Additionally, New Breed Logistics has not provided requested discovery directed to the issue of punitive damages.

---

[12]    $31,355.26 divided by 47 weeks = $667.133191489. *See* prior calculation above for more specifics.

[13]    This is based on a work period of November 7, 2010 through January 29, 2011 [12 weeks]. The first paycheck was not included in the calculation, as the initial pay period was shorter due to the start date in the middle of a pay period.

The total wages for this earning period total $3,680.21.

$3,680.21 divided by 12 weeks = $306.684167.

[14]    Ms. Garza's counsel estimates at this time that the Court will be in a position to render judgment on any jury verdict on Monday, September 12, 2011.

[15]    Ms. Garza was born on February 4, 1964. Age 67 is retirement age for purposes of Social Security Retirement Benefits.

**Attorneys' Fees & Litigation Expenses.** Ms. Garza seeks all litigation expenses and reasonable and necessary attorneys' fees potentially recoverable pursuant to her claims for violation of the TCHRA. At this time, Ms. Garza plans to use expert witness testimony to calculate these damages, and the damages will continue to accrue through and beyond the verdict. The parties have entered a stipulation in this case that no expert disclosures or other discovery on attorneys' fees will be due until after verdict.

**Court Costs.** Ms. Garza seeks all court costs potentially recoverable on her claims for violation of the TCHRA and for assault and also pursuant to the Texas Rules of Civil Procedure. At this time, Ms. Garza plans to use expert witness testimony to address costs, and the costs will continue to accrue through and beyond the verdict. The parties have entered a stipulation in this case that no expert disclosures or other discovery on attorneys' fees will be due until after verdict.

**Interest.** Ms. Garza also seeks all permissible prejudgment interest and postjudgment interest permitted under Texas law. The method of calculation based on information known to date is illustrated in the chart below.

**Prejudgment Interest**

| dates of prejudgment interest accrual | March 10, 2009 through the day before judgment is "rendered"[16] |
|---|---|
| items of damages on which postjudgment interest does not accrue | future damages: future compensatory damages and future wage and benefit losses[17] |

---

[16]   "Except as provided by Section 304.105 or 304.108, prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." TEX. FIN. CODE § 304.104 (2011); *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21, 24-25 (Tex. App.—Corpus Christi 2003, pet. denied) (concluding that Texas Finance Code § 304.104 prejudgment interest accrual rules apply to claims under the Texas Commission on Human Rights Act).

Texas Finance Code § 304.105 provides:

(a) If judgment for a claimant is equal to or less than the amount of a settlement offer of the defendant, prejudgment interest does not accrue on the amount of the judgment during the period that the offer may be accepted.
(b) If judgment for a claimant is more than the amount of a settlement offer of the defendant, prejudgment interest does not accrue on the amount of the settlement offer during the period that the offer may be accepted.

TEX. FIN. CODE § 304.105 (2011).

Texas Finance Code § 304.108 no longer exists.

The envelope in which New Breed Logistics received the Notice of Charge of Discrimination bears a September 8, 2008 postmark [New Breed 179-180]. Allowing three days for mail delivery, New Breed Logistics received notice of the claim on September 11, 2008. The 180th day after receipt was March 10, 2009. Ms. Garza filed suit on April 19, 2010.

[17]   "A judgment in a wrongful death, personal injury, or property damage case earns prejudgment interest." TEX. FIN. CODE § 304.102 (2011); *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21, 24-25 (Tex. App.—Corpus Christi 2003, pet. denied) (applying prejudgment interest rules in this section — applicable to wrongful death, personal injury, or property damage — to claims under the Texas Commission on Human Rights Act).

"Prejudgment interest may not be assessed or recovered on an award of future damages." TEX. FIN. CODE § 304.1045 (2011); *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21, 24-25 (Tex. App.—Corpus Christi 2003, pet. denied) (applying prejudgment interest rules in this section — applicable to wrongful death, personal injury, or property damage — to claims under the Texas Commission on Human Rights Act).

| compounding | none[18] |
| prejudgment interest rate | 5 percent[19] |

## Postjudgment Interest

| dates of postjudgment interest accrual | beginning on the date the judgment is rendered and ending on the date the judgment is satisfied[20] |
| items of damages or judgment on which postjudgment interest does not accrue | none[21] |
| compounding | compounds annually[22] |
| postjudgment interest rate | 5 percent[23] |

---

[18]     "Prejudgment interest is computed as simple interest and does not compound." TEX. FIN. CODE § 304.104 (2011); *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21, 24-25 (Tex. App.—Corpus Christi 2003, pet. denied) (applying prejudgment interest rules in this section — applicable to wrongful death, personal injury, or property damage — to claims under the Texas Commission on Human Rights Act).

[19]     "The prejudgment interest rate is equal to the postjudgment interest rate applicable at the time of judgment." TEX. FIN. CODE § 304.103 (2011); *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21, 24-25 (Tex. App.—Corpus Christi 2003, pet. denied) (applying prejudgment interest rules in this section — applicable to wrongful death, personal injury, or property damage — to claims under the Texas Commission on Human Rights Act). This is the current rate. *See* http://www.occc.state.tx.us/pages/int_rates/Index.html. The rate may change before judgment.

[20]     "(a) Except as provided by Subsection (b), postjudgment interest on a money judgment of a court in this state accrues during the period beginning on the date the judgment is rendered and ending on the date the judgment is satisfied. (b) If a case is appealed and a motion for extension of time to file a brief is granted for a party who was a claimant at trial, interest does not accrue for the period of extension." TEX. FIN. CODE § 304.005 (2011).

[21]     "A money judgment of a court of this state to which Section 304.002 does not apply, including court costs awarded in the judgment and prejudgment interest, if any, earns postjudgment interest at the rate determined under this section." TEX. FIN. CODE § 304.003(a) (2011).

[22]     "Postjudgment interest on a judgment of a court in this state compounds annually." TEX. FIN. CODE § 304.006 (2011).

[23]     This is the current rate. *See* http://www.occc.state.tx.us/pages/int_rates/Index.html. The rate may change before judgment. "A court of this state shall take judicial notice of a published postjudgment interest rate." TEX. FIN. CODE § 304.007 (2011).

(e)     the name, address, and telephone number of persons having knowledge
        of relevant facts, and a brief statement of each identified person's
        connection with the case:

        See Exhibit A accompanying these disclosures.

(f)     for any testifying expert:

        1.      the expert's name, address, and telephone number;
        2.      the subject matter on which the expert will testify;
        3.      the general substance of the expert's mental impressions and
                opinions and a brief summary of the basis for them, or if the
                expert is not retained by, employed by, or otherwise subject to
                the control of the responding party, documents reflecting such
                information;
        4.      if the expert is retained by, employed by, or otherwise subject to
                the control of the responding party:
                A.      all documents, tangible things, reports, models, or data
                        compilations that have been provided to, reviewed by, or
                        prepared by or for the expert in anticipation of the
                        expert's testimony; and
                B.      the expert's current resume and bibliography:


        Amy E. Gibson
        David L. Wiley
        Gibson Wiley, PLLC
        1700 Commerce Street, Suite 1570
        Dallas, Texas 75201
        (214) 522-2121

        **Subject:** Ms. Gibson and Mr. Wiley will testify regarding the reasonableness
and necessity of attorneys' fees and recoverable expenses that Plaintiff seeks to
recover in this case.

        **Opinions:** Ms. Gibson and Mr. Wiley have not yet formed an opinion as to
the reasonableness and necessity of total attorneys' fees and recoverable expenses
that Plaintiff seeks to recover in this case, as those attorneys' fees and expenses
continue to accrue.

        The opinions as to the reasonableness and necessity of attorneys' fees will be
based on the following factors outlined in Texas Disciplinary Rule of Professional

Conduct 1.04: (A) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (B) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (C) the fee customarily charged in the locality for similar legal services; (D) the amount involved and the results obtained; (E) the time limitations imposed by the client or by the circumstances; (F) the nature and length of the professional relationship with the client; (G) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (H) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. The basis for this opinion will also include consideration of billing judgment and attorney time records in this case for all parties.

The opinions as to expenses will be based on expense records in this case for all parties and recoverable expenses both under the Texas Rules of Civil Procedure and the statutory causes of action asserted in this case.

The parties have agreed to handle post-verdict attorneys' fees and costs issues including expert disclosures from counsel representing the parties.

**Documents:** (1) attorney time records and expense records in this case for all parties, redacted to protect privilege and work product and proprietary information and records of other clients, (2) various finished work product for tasks performed in the case, (3) self-reported results contained in a Texas Lawyer survey of hourly rates in the locality for the years 2007 and 2008 and 2009, and (4) the hourly rates and attorney time and expense records for defense counsel in this case.

**Resume and Bibliography:** Biographies and published works of attorneys working on this case will be provided with the expert reports.

**(g)**   **any indemnity and insuring agreements described in Rule 192.3(f):**

Plaintiff has none.

**(h)**   **any settlement agreements described in Rule 192.3(g):**

Plaintiff has none.

(i)     **any witness statements described in Rule 192.3(h):**

These items were previously produced.   This response excludes re-production of any such statements that Defendant produced during the discovery process.

(j)     **in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills:**

None.

(k)     **in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party:**

None.

(l)     **the name, address, and telephone number of any person who may be designated as a responsible third party:**

Plaintiff is not presently aware of any person who may be designated as a responsible third party within the meaning of Texas Rule of Civil Procedure 194.2(l) other than persons identified above in response to Rule 194.2(b) and Co-Defendant Aida Garcia

Respectfully submitted,

David L. Wiley
Texas State Bar No. 24029901

Amy E. Gibson
Texas State Bar No. 00793801

**Gibson Wiley PLLC**
1700 Commerce Street, Suite 1570
Dallas, Texas 75201-5302
Telephone:  (214) 522-2121
Facsimile:  (214) 522-2126
E-Mail Address:

> david@gwfirm.com
> amy@gwfirm.com

Enrique Chavez, Jr.
Texas State Bar No. 24001873

**Chavez Law Firm**
2101 Stanton Street
El Paso, Texas 79902
Telephone:  (915) 351-7772
Facsimile:  (915) 351-7773

ATTORNEYS FOR
PLAINTIFF SULEMA GARZA

## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 22, 2011, a true copy of

Plaintiff's Amended Responses to Defendant New Breed Logistics,

Inc.'s Request for Disclosure was served on Defendant, through its lead

counsel of record as follows:

### VIA EMAIL

Michael R. Buchanan
Kristin M. Snyder
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
8117 Preston Road, Suite 700
Dallas, Texas 75225

_____
Amy E. Gibson

# EXHIBIT A

Ms. Garza reserves the right to seek discovery from and call as witnesses those persons either Defendants has identified or may identify in their disclosure responses and all amendments and supplements thereto.  However, Ms. Garza does not thereby agree that such persons necessarily possess discoverable or admissible information.

| Persons having knowledge of relevant facts | Address and Phone | Connection |
|---|---|---|
| Sulema Garza | Home:<br>560 North 8th Street<br>Reading, PA 19601<br>(484) 650-5746 | Ms. Garza is the Plaintiff in this case. |
| Amy [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Amy worked for New Breed Logistics, apparently as a "lead," and may have been a witness to the harassment and assault Ms. Garza suffered while also working for New Breed Logistics. |
| Glenda W. [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Glenda worked for New Breed Logistics in returns and may have been a witness to the harassment and assault Ms. Garza suffered while also working for New Breed Logistics. |
| Celeste [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Celeste worked for New Breed Logistics, apparently as a "lead," and appears on documents produced in this case. |

| Teresa Falcon | Home:<br>Unknown<br><br>Business:<br>4320 N. Sylvania Avenue<br>Fort Worth, Texas 76137<br>(336) 402-4359<br>[New Breed Logistics claims in disclosure responses that Ms. Falcon is a current employee] | Ms. Falcon worked for New Breed Logistics, apparently as a "battery charger," and harassed and assaulted Ms. Garza while Ms. Garza was also working for New Breed Logistics. |
| --- | --- | --- |
| Veronica Ruvalcalba | Home:<br>Unknown<br><br>Business:<br>4320 N. Sylvania Avenue<br>Fort Worth, Texas 76137<br>(336) 402-4359<br>[New Breed Logistics claims in disclosure responses that this witness is a current employee] | Ms. Ruvalcalba worked for New Breed Logistics in the same department as Ms. Garza and harassed and assaulted Ms. Garza while Ms. Garza was also working for New Breed Logistics. |
| Aida Garcia | Home:<br>2615 Angie Avenue<br>Fort Worth, Texas 76106<br>(817) 344-0257<br>[information obtained from New Breed Logistics' disclosure responses] | Ms. Garcia previously worked for New Breed Logistics in the same department as Ms. Garza and harassed and assaulted Ms. Garza while Ms. Garza was also working for New Breed Logistics. |



| Richard "Rick" Staton | Home:<br>Unknown<br><br>Business:<br>4320 N. Sylvania Avenue<br>Fort Worth, Texas 76137<br>(336) 402-4359<br>[New Breed Logistics claims in disclosure responses that this witness is a current employee] | Mr. Staton was Ms. Garza's supervisor at New Breed Logistics, was designated by New Breed Logistics as having knowledge of relevant facts, and appears on documents produced in this case. |
| --- | --- | --- |
| Rodney Franklin | Home:<br>6004 Meredith Lane<br>Fort Worth, Texas 76134<br>(817) 551-5374<br>[information obtained from New breed Logistics' disclosure responses] | Mr. Franklin worked for New Breed Logistics as a "Human Resources Generalist," may have investigated allegations from and against Ms. Garza, and appears on documents produced in this case. |
| Debra Maxwell | Home:<br>Unknown<br><br>Business:<br>4320 N. Sylvania Avenue<br>Fort Worth, Texas 76137<br>(336) 402-4359<br>[New Breed Logistics claims in disclosure responses that this witness is a current employee] | Ms. Maxwell worked for New Breed, apparently as a 1st shift supervisor, and appears on documents produced in this case. |

| Melissa Buntaine | Home:<br>Unknown<br><br>Business:<br>4320 N. Sylvania Avenue<br>Fort Worth, Texas 76137<br>(336) 402-4359<br>[New Breed Logistics claims in disclosure responses that this witness is a current employee] | New Breed Logistics designated Ms. Buntaine as a Human Resources employee having knowledge of relevant facts. |
|---|---|---|
| Dotty [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Dotty worked for New Breed Logistics, apparently as a security guard, and informed Ms. Garza that Ms. Garza had a "sticky" on her backside with the word "Sexy" written on it. |
| Chip [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Chip worked for New Breed Logistics, apparently at some point as an acting supervisor, and appears on documents produced in this case. |
| Olivia [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Olivia worked for New Breed Logistics and may have knowledge concerning the circumstances under which her employment with New Breed Logistics ended. |

| | | |
|---|---|---|
| Frances [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Frances worked for New Breed Logistics and may have knowledge concerning the circumstances under which her employment with New Breed Logistics ended. |
| Liz [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Liz worked for New Breed Logistics, apparently as a "lead" reporting to Debra Maxwell, and appears on documents produced in this case. |
| Shelly Finch | Home:<br>Unknown<br><br>Business:<br>4320 N. Sylvania Avenue<br>Fort Worth, Texas 76137<br>(336) 402-4359<br>[New Breed Logistics claims in disclosure responses that this witness is a current employee] | New Breed Logistics designated Ms. Finch as an employee having knowledge of relevant facts. |
| Sadie Anderson | Home:<br>Unknown<br><br>Business:<br>4320 N. Sylvania Avenue<br>Fort Worth, Texas 76137<br>(336) 402-4359<br>[New Breed Logistics claims in disclosure responses that this witness is a current employee] | Ms. Anderson worked for New Breed Logistics and appears on documents produced in this case. |



| Tameka [LNU] | Home:<br>Unknown<br><br>Business:<br>Unknown | Tameka worked for New Breed Logistics and appears on documents produced in this case. |
|---|---|---|
| Phillip Widmer | Home:<br>Unknown<br><br>Business:<br>Unknown | Mr. Widmer formerly worked for New Breed Logistics and appears on documents produced in this case. |
| Amanuel Woldai | Home:<br>8020 Emerald Crest Drive #203<br>Fort Worth, Texas 76108 [information obtained from New breed Logistics' disclosure responses]<br><br>Business:<br>Unknown | Mr. Woldai formerly worked for New Breed Logistics and appears on documents produced in this case. |
| Michael Buchanan<br>Kristin Snyder | Business:<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>8117 Preston Road<br>Suite 700<br>Dallas, Texas 75225<br>(214) 414-0066 | These attorneys should possess information, such as contemporaneous time records and cost records, relevant to Ms. Garza's claim for attorneys' fees and costs. |

JS 44 (TXND Rev. 2/10)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
U.S. DISTRICT COURT
NORTHERN DISTRICT
2011 MAR 10 PM 2:03
CLERK OF COURT

**I. (a) PLAINTIFFS**
Sulema Garza

**DEFENDANTS**
New Breed Logistics, Inc

4-11CV-161-Y

**(b)** County of Residence of First Listed Plaintiff  Tarrant County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Guilford, North Carolina
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David Wiley, Amy Gibson; Gibson Wiley, 1700 Commerce St., #1570, Dallas, TX 75201 (214-522-1212); Enrique Chavez, Jr., Chavez Law Firm, 2101 Stanton, El Paso, TX 79902; 915-351-7772

Attorneys (If Known)
Michael R. Buchanan, Kristin M. Snyder; Ogletree, Deakins, 8117 Preston Rd., #700, Dallas, TX 75225; 214-987-3800

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Plaintiff alleges discrimination, retaliation, and assault

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** (See instructions)
JUDGE
DOCKET NUMBER

DATE. 3/10/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # FW13758    AMOUNT  350    APPLYING IFP    JUDGE    MAG. JUDGE

# United States District Court
# Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court



**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 342nd District Court, Tarrant County, Texas | 342-244950-10 |

2.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Plaintiff Sulema Garza | David L. Wiley<br>Amy Gibson<br>Gibson Wiley PLLC<br>1700 Commerce St., Suite 1570<br>Dallas, TX 75201-5302<br>214.522.2126<br><br>Enrique Chavez, Jr.<br>Chavez Lar Firm<br>2101 Stanton St.<br>El Paso, TX 79902<br>915.351.7772 |

Defendant New Breed Logistics, Inc.    Michael R. Buchanan
                                       Kristin M. Snyder
                                       Ogletree, Deakins, Nash, Smoak &
                                       Stewart, P.C.
                                       8117 Preston Road, Suite 700
                                       Dallas, TX 75225-4324
                                       214.987-3800

Defendant Aida Garcia

3.    **Jury Demand:**

Was a Jury Demand made in State Court?          ☐  Yes          ✗  No

If "*Yes*," by which party and on what date?

_____          _____
Party                                       Date

4.    **Answer:**

Was an Answer made in State Court?          ✗  Yes  ☐  No

If "*Yes*," by which party and on what date?

Defendant New Breed Logistics, Inc.          Date  May 17, 2010

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
|---|---|
| Upon information, none | While Defendant New Breed was preparing this Notice of Removal, counsel for Plaintiff verbally advised that co-defendant Aida Garcia had been served, presumably on or about March 9 or 10, 2011. |

6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
|---|---|
| None | |

7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Plaintiff Sulema Garza | Plaintiff alleges claims of sexual Harassment and retaliation under the Texas Labor Code and alleges Defendant Aida Garcia assaulted her. |
| Defendant New Breed Logistics, Inc. | Defendant New Breed Logistics, Inc. categorically denies Plaintiff's claims. |

9948745.1