IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SULEMA GARZA, | § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION NO. 4:11-cv-00161-Y |
| NEW BREED LOGISTICS, INC. | | |
| Defendant. | | |

### DEFENDANT'S MOTION TO QUASH AND
### FOR PROTECTION AND BRIEF IN SUPPORT

Defendant New Breed Logistics, Inc. ("Defendant" or "New Breed") files this Motion to Quash and for Protection and Brief in Support shows the following:

### I.
### BACKGROUND

Defendant terminated Plaintiff in July 2008. Plaintiff subsequently filed suit against Defendant in April 2010 in Tarrant County District Court alleging sexual harassment and retaliation. Defendant removed the case in March 2011. Both before and after removal, the parties participated in discovery. Pursuant to the Court's Scheduling Order, the deadline for completion of which is set for August 31, 2011. Plaintiff's counsel has taken the deposition of nine (9) current and former employees of Defendant. On August 26, 2011, five (5) days before the end of the discovery deadline, Plaintiff's counsel served a notice for the deposition of Richard Valitutto on August 31, 2011 in Dallas, Texas. *See* Notice attached as Exhibit A (App. 1-4).

Mr. Valitutto is the Vice President and General Counsel of New Breed, Inc., and all of its subsidiaries, including New Breed Logistics, Inc. The corporate offices for New Breed are located in High Point, North Carolina. At all relevant times, Mr. Valitutto has served as in-house

counsel for New Breed. In this capacity, he provides legal advice concerning all business issues, including labor and employment issues, generally and with regard to specific employee issues, complaints, Charges of Discrimination and pending lawsuits.

At New Breed, employee termination decisions in general, and in case of Plaintiff, are/were made at the local level, but are subject to Mr. Valitutto's legal review. Mr. Valitutto's only involvement with regard to Plaintiff has been, at all times, as an attorney for New Breed and his personal knowledge regarding the facts of this particular case is limited to his participation in a legal review of the decision made to terminate Plaintiff. All communications between New Breed and Mr. Valitutto are protected by the attorney-client privilege, making his deposition unwarranted and unnecessary.

As set forth below, Defendant objects the deposition of Mr. Valitutto on multiple grounds and seeks protection from the Court.

## II.
## ARGUMENTS AND AUTHORITIES

### A.  Plaintiff Cannot Require Mr. Valitutto to Appear For Deposition in Dallas.

Federal Rule of Civil Procedure 26(c) authorizes the court, for good cause shown, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Where, as here, good cause is shown, "the disclosure or discovery may be had only on specific terms and conditions, <u>including a designation of the time and place.</u> FED. R. CIV. P. 26(c)(1)(B) (emphasis added).

"[I]n the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Farquhar v. Sheldon*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (quoting 4 Moore's *Federal Practice* § 26.70 [1-3]); *see also Dunn v. Standard Fire Insurance Co.*, 92 F.R.D. 31 (E.D.Tenn.1981); *General Leasing Co. v. Lawrence Photo-Graphic*

*Supply*, 84 F.R.D. 130 (W.D.Mo.1979); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (finding a deposition of corporation by its agents and officers should ordinarily be taken at its principal place of business). As the Court in *Farquhar* pointed out:

> Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. *See Work v. Bier*, 107 F.R.D. 789, 792 (D.C.1985).

Additionally, it is the plaintiff who should generally be required to "bear any reasonable burdens of inconvenience that the action presents." *Fed. Dep. Ins. Co. v. La Antillana, S.A.*, 1990 WL 155727, at *1-2 (S.D.N.Y. Oct. 5, 1990).

It is a plaintiff's burden to overcome the presumption in defendant's favor. *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362 (D. Conn. 2005). A corporate defendant asserting this presumption has established the "good cause" required under Rule 26(c) to properly limit the challenged discovery method. *See Tailift USA, Inc. v. Tailift Co. Ltd*, 2004 WL 722244 *1 (N.D. Tex. Mar. 26, 2004) (citing *Chris-Craft Indus. Products, Inc. v. Kurary Co., Ltd*, 184 F.R.D. 605, 607 (N.D. Ill. 1999)).

Here, Plaintiff has noticed the deposition of the company's attorney, whose knowledge is limited to his legal review on behalf of New Breed, a legal review that is protected by both the attorney-client and work product privileges. Mr. Valitutto offices in High Point, North Carolina. *See* Affidavit of Richard Valitutto, attached as <u>Exhibit B</u> (App 5). Mr. Valitutto does not have any trips to Texas planned and to travel to Dallas, particularly on three business days notice, would cause him and his staff hardship. *Id.* Plaintiff cannot meet her burden to demonstrate that special circumstances exist which would compel the Court to order that a corporate officer be deposed at a location other than his place of employment.

Other courts have granted motions for protective orders and/or ordered depositions to be taken outside the forum under similar circumstances. *See McDougal-Wilson v. Goodyear Tire and Rubber Co.*, 232 F.R.D. 246, 248 (E.D.N.C. 2005) (holding, in a case pending in the Eastern District of North Carolina, that the deposition of a defendant should take place in Akron, Ohio because that was the defendant's regular place of business); *Morin*, 229 F.R.D. at 363 (granting protective order requiring defendant's vice president to be deposed in Ohio rather than forum/Connecticut where travel to Connecticut would "result in disrupting [his] department, causing significant burdens and hardship to not only himself, but [his] staff as well"); *O'Sullivan v. Rivera*, 229 F.R.D. 187 (D.N.M. 2004) (granting protective order requiring deposition to occur in Colorado where defendant did not live or work in New Mexico). For the reasons set forth above and good cause having been shown, Defendant respectfully requests that a protective order be issued quashing the notice for Richard Valitutto's deposition.

**B.    Defendant Objects to the Date of the Deposition.**

In addition to Defendant's objection to the location of the deposition of Richard Valitutto, Defendant objects to the date of the deposition noticed by Plaintiff. *See* FED. R. CIV. P. 26(c)(1)(B). Even if the deposition was properly noticed for North Carolina, three business days notice is insufficient notice and Mr. Valitutto is not available on August 31, 2011 because he has a previous commitment in another matter that day. *See* <u>Exhibit B</u> (App. 6).

**C.    Defendant Objects to Producing its General Counsel for Deposition.**

   **1.    The Information Sought by Plaintiff is Privileged.**

The attorney-client privilege ensures the confidentiality of communications between an attorney and client. *See Upjohn Co. V. United States*, 449 U.S. 383, 390 (1981). The purpose of the privilege is to promote the public interest, protect the adversarial system, and encourage full and frank communication between an individual or entity and the attorney. *Id.* at 389; *see also*

DEFENDANT'S MOTION TO QUASH AND FOR PROTECTION AND BRIEF IN SUPPORT     PAGE 4

*In re Toyota Motor Corp.*, 94 S.W.3d 819, 822 (Tex. App.-San Antonio 2002, no pet.) (holding the attorney-client privilege "is intended to allow unrestrained communication and contact between attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding.") (internal citations omitted). The privilege applies not only to communications with outside counsel, but also to communications between a client corporation and its inside counsel. *See AHF Community Development, LLC v. City of Dallas*, 258 F.R.D. 143, 146 (N.D.Tex. 2009).

The work product doctrine protects the discovery of documents and information consisting of an attorney's opinions and/or mental processes that were prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3); TEX. R. CIV. P. 192.5(a); *Upjohn*, 449 U.S. at 398. Work performed in the course of an internal investigation is presumptively protected by the work-product doctrine. *Upjohn*, 449 U.S. at 398. When acting as an entity's attorney during the course of an internal investigation, the attorney-client privilege and work product doctrine apply to communications, documents, and any other type of information, knowledge, or opinion arising out of the scope of the attorney's representation. *See Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 2002 WL 1822404 (D. Kan. 2002).

New Breed's General Counsel, Richard Valitutto, provides legal advice and counsel to New Breed in all areas of its business, including the lawsuit at issue and the underlying employment decisions. *See* Exhibit B (App. 5). In the instant case, Mr. Valitutto provided legal review of the proposed disciplinary actions regarding Plaintiff. Mr. Valitutto did not independently investigate the facts, interview witnesses, or formulate the discipline. *Id.* Any communications or advice provided by Mr. Valitutto with respect to the underlying employment decisions or the lawsuit at issue fall squarely within the work-product and attorney-client

privileges. Mr. Valitutto has solely provided legal advice to New Breed in his role as General Counsel and has not injected himself into the factual issues of the case at hand. *See In re Mendez*, 234 S.W.3d 105, 110 (Tex. App.— El Paso 2007, no pet.) (citing *Lummus v. Dean*, 750 S.W.2d 312 (Tex. App. – Beaumont 1988, no writ) and *Hilliard v. Heard*, 666 S.W.2d 584 (Tex. App. – Houston 1st Dist. 1984, no writ) for the proposition that an attorney is subject to a deposition when he injects himself into the substance and events of the underlying lawsuit).

At New Breed, employee discipline and termination decisions are made by the Human Resources teams at the local level at New Breed's locations in consultation with local operational management. *See* Affidavit of James Valdez attached as <u>Exhibit C</u> (App. 7). As a general rule, Human Resources Generalists will make a recommendation regarding discipline or termination based on facts known and gathered and that decision is reviewed by the Human Resources Manager and/or Human Resources Director. Disciplinary decisions are approved at the HR Manager/Director level. *Id*. New Breed's Human Resources Managers and Directors consult with the General Counsel in certain disciplinary instances, and in all terminations, for legal review prior to implementing the decision. *Id*.

This procedure was followed with respect to Plaintiff Sulema Garza. The disciplinary and termination decisions were made by the local HR team at the Fort Worth facility where Garza worked. <u>Exhibit B</u> (App. 5). The decision to terminate Garza was subjected to a legal review by Mr. Valitutto. *Id*. However, Plaintiff has not, and cannot, identify any factual issues that Mr. Valitutto could testify to without exposing confidential, protected information. Mr. Valitutto did not investigate or formulate the disciplinary actions involving Plaintiff. *Id*. In short, because Plaintiff seeks to examine Mr. Valittuto as to information inevitably protected by the work-product and attorney-client privileges, New Breed moves the Court to quash the deposition notice of Richard Valitutto.

### 2. Plaintiff Cannot Establish She is Entitled to Depose Defendant's Counsel.

While the Federal Rules of Civil Procedure do not specifically prohibit the taking of an opposing counsel's deposition in a case, the Fifth Circuit has found that "depositions of opposing counsel are disfavored generally" and "should be permitted in only limited circumstances." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir.1999). To demonstrate that she is entitled to depose New Breed's counsel, Plaintiff must demonstrate all of the following factors: 1) no other means exist to obtain the information Plaintiff seeks to obtain through Mr. Valitutto's deposition; 2) the information Plaintiff seeks is relevant and non-privileged; and 3) the information is crucial to the preparation of Plaintiff's case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). These factors apply to trial counsel and in-house counsel. *See Murphy v. Adelphia Recovery Trust*, 2009 WL 4755368 at * 3 (N.D. Tex. Nov. 3, 2009) (rejecting argument that *Shelton* factors should only be applied to trial counsel); *see also Delor v. Intercosmos Media Group, Inc.*, 2005 WL 1588300 at * 1 (E.D. La. June 27, 2005) (applying *Shelton* to quash deposition of in-house counsel).

In this regard, *Horizon Holdings* is directly on point. There, the plaintiff sought to depose the defendant's in-house counsel in connection with an employment discrimination case. *Horizon Holdings, LLC*, 2002 WL 1822404 at *1-2. In response to the defendant's assertion of the attorney-client and work product privileges, the plaintiff argued that the defendant's in-house counsel frequently acted as a human resources manager and should have been required to give deposition testimony about her factual bases for the company's position statement to the E.E.O.C. *Id.* In rejecting the plaintiff's argument, the Court initially noted that the defendant's in-house counsel clearly acted in an attorney capacity by providing legal advice to the company and her deposition was therefore subject to the three-part test discussed above. *Id.* at *3.

Applying the three-part test, the court in *Horizon Holdings* found that the plaintiff failed to show there were no other witnesses that could provide the information plaintiff sought. *Id.* Specifically, the court ruled that the plaintiff did not demonstrate that she had exhausted other discovery means, including written discovery and depositions of other individuals, before seeking to obtain information from in-house counsel as a last resort. *Id.* The court noted that demonstrating or alleging that in-house counsel might have some knowledge regarding the plaintiff's claims was not the same as affirmatively showing that in-house counsel was the sole source of that knowledge. *Id.* Accordingly, the *Horizon Holdings* court quashed the plaintiff's deposition notice for the defendant's in-house counsel and entered a Protective Order prohibiting further efforts to obtain the deposition on the grounds that the plaintiff failed to prove the first of the three requirements for an attorney deposition. *Id.* at *3.

Here, as in *Horizon Holdings*, Mr. Valitutto was clearly acting as an attorney by performing a legal review of a termination decision, making the three-part test above applicable to the present case. Also as in *Horizon Holdings*, Plaintiff cannot demonstrate that no other means of obtaining the information at issue exists. Because Mr. Valitutto did not make the decisions at issue with respect to Plaintiff's employment, he possesses no personal knowledge of Plaintiff's claims outside his legal review. Therefore, he is clearly not the sole source of information relating to Plaintiff's claims and Plaintiff can obtain any information he possesses through other discovery. Thus, just as in *Horizon Holdings*, this Court must quash Plaintiff's subpoena for Mr. Valitutto's deposition because Plaintiff cannot establish the first of three requirements necessary to depose an attorney.

Even assuming, *arguendo*, no other source of the information existed, Plaintiff still would not be entitled to depose Mr. Valitutto because she also fails to satisfy the second requirement of the test – she cannot demonstrate that the information she seeks from Mr. Valitutto is non-

privileged, as explained in section C(1) above. Similarly, the third requirement of the test eludes Plaintiff as well since she is entirely unable to show the information Mr. Valitutto possesses is crucial to the preparation of her case. Again, any information Mr. Valitutto possesses is available from other witnesses, he has no first-hand knowledge of the facts leading to Plaintiff's discharge and his involvement with Plaintiff's claims was on a limited, post hoc basis for purposes of performing a legal review before the decision was implemented. Thus, New Breed is entitled to an Order quashing the subpoena for Mr. Valitutto's deposition and a Protective Order preventing Plaintiff from making any further efforts to procure his deposition testimony.

Additionally, for the reasons set forth above, it appears that Plaintiff's subpoena for Mr. Valitutto's deposition is simply a harassment measure solely designed to cause New Breed undue delay and needless expense. Courts routinely protect litigants from such harassing conduct by opposing counsel. *See, e.g., See In re Alcatel USA, Inc.*, 11 S.W.3d 173, 182 (Tex. 2000) (recognizing the potential for abuse of the discovery process and harassment when a party seeks to depose a high-ranking official who does not possess "unique or superior personal knowledge of discoverable information."); *Shelton,* 805 F.2d at 1330 ("The harassing practice of deposing opposing counsel . . . appears to be an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process."); *Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418 (N.D. Ill. 1987) ("Such a deposition provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness."). For this reason alone, Plaintiff's notice for Mr. Valitutto's deposition should be quashed.

WHEREFORE, Defendant respectfully requests the Court grant its Motion to Quash and for Protection, and award any further relief to which it may be entitled.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Respectfully submitted,

s/ Michael R. Buchanan
Michael R. Buchanan
State Bar No. 03288300
Mike.Buchanan@ogletreedeakins.com
Kristin M. Snyder
State Bar No. 24046880
Kristin.Snyder@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 700
Dallas, TX 75225-4324
214-987-3800
Facsimile: 214-987-3927

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2011, I served the foregoing on counsel for Plaintiff via ECF.

| | |
|---|---|
| David L. Wiley & Amy Gibson | Enrique Chavez, Jr. |
| Gibson Wiley PLLC | Chavez Law Firm |
| 1700 Commerce Street, Suite 1570 | 2101 Stanton Street |
| Dallas, TX 75201 | El Paso, TX 79902 |

s/ Michael R. Buchanan
Michael R. Buchanan

**CERTIFICATE OF CONFERENCE**

The undersigned counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h) and this Motion is opposed by Plaintiff's counsel.

s/ Michael R. Buchanan
Michael R. Buchanan

10872000.1