```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

SULEMA GARZA                     §
                                 §
V.                               §   ACTION NO. 4:11-CV-161-Y
                                 §
NEW BREED LOGISTICS, INC.,       §
ET AL.                           §
```

ORDER TEMPORARILY QUASHING DEPOSITION NOTICE AND SUBPOENA

Pending before the Court is non-party Texas Workforce Commission ("the TWC")'s Objection to Deposition (doc. 25), filed August 31, 2011. The TWC's objection seems to request that the Court quash a deposition notice and subpoena served on the TWC by defendant New Breed Logistics, Inc. ("New Breed")'s counsel on August 15. After careful consideration of this matter, the Court finds that the deposition notice and subpoena should be and are hereby TEMPORARILY QUASHED pending the final disposition of the TWC's objection.

Additionally, the Court finds that the parties to this discovery dispute should be given one final opportunity to make a good faith attempt at resolving the dispute among themselves. In this regard, New Breed and the TWC are referred to the en-banc opinion in *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc & per curiam). That opinion sets forth standards of conduct for counsel (and *pro se* parties) to follow throughout litigation. Particularly relevant here are the standards for conduct during discovery. "[Parties] should make reasonable efforts to conduct all discovery by agreement." *Id*. at 293. The Court warns New Breed and the TWC that discovery disputes are not taken lightly, and, if resolution

by the Court is required, sanctions will be imposed upon any participant found to be conducting or opposing discovery unreasonably, in bad faith, or otherwise not in compliance with the rules or *Dondi*.

Therefore, New Breed and the TWC shall confer and make a good-faith effort to resolve this discovery dispute between themselves. If New Breed and the TWC are able to completely resolve this discovery dispute, the TWC shall notify the Court in writing as soon as possible, but not later than **September 20, 2011**, that its objection should be rendered moot.

If the parties are able to resolve part, but not all of their discovery dispute, the TWC must file an amended objection as to the remaining disputed matters only no later than **September 20, 2011.**

Should the parties be able to resolve none or only a part of their discovery dispute, New Breed must respond to the TWC's initial or amended objection no later than **September 27, 2011**. Any reply to New Breed's response must be filed in accordance with Rule 7.1(f) of the Local Civil Rules of this Court.

SIGNED September 2, 2011.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ah                                2